# Bender *against* Dietrick.

An heir-at-law can only be disinherited by express devise or necessary implication; hence, in the construction of a will of doubtful meaning, every fair intendment is to be made in favour of the heir-at-law.

ERROR to the Common Pleas of *Franklin* county.

This was an action of ejectment by George Dietrick and wife and John Armstrong and wife against Dorothea Bender and others, in which the plaintiffs claimed to recover the two undivided seventh parts of a tract of land. The parties stated the following facts, and agreed to consider them as a special verdict :—

George Dietrick and Samuel Armstrong were duly married to Susanna and Rosanna, two of the daughters of David Bender,

deceased, by his first wife. That the said David Bender, after the death of his first wife, married a second one, by whom he had five children, viz., Dorothea, Elizabeth, intermarried with Francis Werner, Leonard, Peggy, intermarried with Henry Fries, and Jacob Bender. That the children of the first wife, who are plaintiffs in this action, were married long before the death of their father. That the said David Bender died on the 10th day of May, A. D. 1833, and did by his last will and testament, dated the 21st day of January 1833, give and bequeath unto his widow Mary Bender the enjoyment of his real and personal estate during her natural life, in the words following, to wit:

"Item 1. I will that all my just debts as shall be by me owing at my death, together with my funeral expenses and all charges touching the proving of or otherwise concerning this my will, shall in the first place out of my estate and effects be fully paid and satisfied; and after payment thereof, then my will is that all the residue of my goods, stock, chattels, merchandise both real and personal. Item 2. Give and bequeath unto my beloved wife Mary Bender all my estate, both real and personal, as long as she may live; and she may sell as much of my estate, either real or personal, as will pay all my just debts, as she may think best, and be guardian of all my minoral children, and have the tuition of said children. Item 3. It further is my will that my daughter Susanna, now intermarried with George Dietrick, shall have and receive out of my estate both real and personal, after all my just debts are paid, $50 in two equal annual payments, and no more, to be paid to her by my executrix hereinafter named, and no more. It is further my will that my daughter Rosanna, now intermarried with John Armstrong, shall have and receive out of my estate both real and personal, after all my just debts are ——, the sum of $50 in two equal annual payments, to be paid to her by my executrix hereinafter named, and no more. And lastly, I hereby nominate and appoint Mary Bender executrix of this my last will, &c." Which will was duly proved and recorded.

It is further agreed that the said Mary Bender, widow and executrix as aforesaid, died on the 10th day of October, A. D. 1839, having disposed and conveyed, by virtue of the authority and trust given in the will aforesaid, a portion of the real estate of said testator; and that the residue of the tract is the land of which the said David Bender died seised in his demesne as of fee, and for the undivided two-sevenths of which this suit is brought by the plaintiffs. The said George Dietrick and wife and John Armstrong and wife each received their legacy of $50, the former having sued for and recovered his.

The court below (BLACK, President) rendered a judgment for the plaintiffs.

*Nill* and *Smith*, for plaintiff in error, argued that it was mani-

fest from the intention of the testator as expressed in his will, that his children by the first wife were to receive no more of his estate than the legacy of $50. Cited 2 *Rop. Leg*. 311; 2 *Eden* 229; 5 *Bro. Par. Cas*. 51; 3 *Burr*. 1626; 3 *Maule & Selw*. 95; 8 *Law Lib*. 268; 4 *Com. Dig*. 179·; 2 *Vern*. 723; 2 *Rawle* 135; 1 *Com. Dig*. 484; 1 *Bald*. 454; *Jacobs Law Dic. tit. Implication*; 3 *Binn*. 486.

*Chambers*, for defendant in error, argued that the law casts the inheritance upon the heir, in the absence of any express or necessarily implied disposition of it. Here there is no disposition of the estate but for the life of the wife, and that which is made the subject of the testator's disposition is the only thing to which the words of exclusion used can apply. Cited *Ram. Wills* 256; 8 *Law Lib*. 140; 2 *Pow. Devises* 199; 22 *Law Lib*. 288; 10 *Wheat*. 227; 5 *Vez*. 801; 2 *Binn*. 20; *Prec. in Ch*. 170; 3 *Atk*. 572; 4 *Bevans Eq. Cas*. 318.

The opinion of the Court was delivered by

ROGERS, J.—If we were at liberty to guess at the intention of the testator, it is possible we might come to the conclusion that it was not his intention to die intestate as to any part of his property; that his two daughters by his first wife, Susanna and Rosanna, should have nothing except the bequests in his will, and his children by the second wife should be the residuary legatees. The will is evidently imperfect on its face, whether the effect of carelessness or design we may conjecture, but cannot with any certainty say; so that it would be impossible for us to fill up, with any degree of exactness, that which the testator has left incomplete. For example, it would be difficult to determine, if his design had been carried out, whether he would have left the residue of his estate to one or more of his five children, or to all, or whether his other children would have been permitted to come in in equal or unequal proportions. As we are not allowed to speculate, we must judge of his intentions from what is written. He devises to his wife the whole of his estate, real and personal, during life, and appoints her the guardian of his or her children, under, as we may believe, the confident expectation that out of this ample bequest she would provide for their wants during their minority. But, as an equivalent for this, he bequeaths to his two daughters the sum of $50 each, and no more, to be paid by his wife, who was his executrix. But to what do the words "no more," attached to the bequest to his daughters, refer? Do they refer to his whole estate, disposed and undisposed of by his will, or only to the estate devised to his widow during life? This is the point on which the case turns. If we adopt the latter construction, we produce something approaching equality (and equality is equity) in the distribution; and I am the more inclined to

this construction, because there is nothing in the will which necessarily leads to an implication of a different intention.   In support of the former interpretation, the plaintiff in error relies on the case of *Vachell* v. *Breton*, (5 *Bro. P. C.* 51).   He contends that the testator has manifested his intention that his daughters, Susanna and Rosanna, shall recover out of his real and personal estate, of whatever description, whether bequeathed or not, no more than $50 each, and therefore that the property, whether real or personal, must be divided in the same manner as if he had died intestate, with the exception that by force of his declared intention his two daughters by his first wife are excluded.   And if this was the case of personal property, as appears by the case cited, there would be something in the argument.   But this is real estate, as to which a different rule prevails.   It is a maxim which applies here as well as in England, that an heir-at-law can only be disinherited by express devise or necessary implication; and that implication has been defined to be such a strong probability, that an intention to the contrary cannot be supposed.   Thus it has been settled that a devise to *the devisor's heirs*, after the death of A., will give A. an estate for life by implication; but that under a devise to B., a *stranger*, after the death of A., no estate will arise to A.   This Mr Powel, in his *Treatise on Devises*, page 199, says is an exact illustration of the difference between what the law denominates a necessary implication, and one which is not so. In the former case, the inference that the devisor intends to give an estate for life to A. is irresistible, as he cannot without the greatest absurdity be supposed to mean to give his land to his heir at the death of A., and that the heir shall have it in the mean time, as would be the case unless A. took it.   On the contrary, when the devise is not to the heir, however, it may be, by fixing the death of A. as the period when the devise to B. was to take effect in possession, the devisor intended he should have it for life, yet it is *possible* to suppose that intending that the land should go to the heir during the life of A., he left it for that period undisposed of. That the daughters, who are the heirs of the testator, are disinherited by express words, is not urged; but it is argued that they are so by an implication arising from the words of the bequest; but it seems to me that the expression that they shall have $50, and no more, of his real and personal estate, does not raise such a strong probability, as has been shown, as that a contrary intention may not be supposed.   Indeed, the difficulty arising from the imperfection of the will is, to ascertain what the testator did intend.   His intention is at best but matter of conjecture, and certainly, on such grounds, no person heretofore has been deprived of his inheritance.

Judgment affirmed.