Susan Gorgas's Estate.   Catherine Robinson's Appeal.

*Will—Lapsed devise—Residuary clause—Intestacy.*

A testator dies intestate as to a lapsed devise or bequest contained in a residuary clause.

Testator gave her residuary estate to four persons to be equally divided between them. One of these persons died in her lifetime. There was no provision for a survivorship among the residuary legatees nor gift over in case of the death of any of them. The person who was entitled to take under the intestate laws was a niece, as to whom the testatrix used the following language in her will: "I entertain a feeling of love and affection for my niece, Susan Gorgas, of West Chester, and my sole reason for not making her a legatee under this will is the fact that she is already in receipt of a large income derived from her father's and uncle's estates." *Held,* that the lapsed share of the residuary estate went to the niece, notwithstanding the clause in the will above quoted.

Argued Jan. 16, 1895. Appeal, No. 93, July T., 1894, by residuary legatee, from decree of O. C. Phila. Co., April T., 1894, No. 324, dismissing exceptions to adjudication. Before

STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Exceptions to adjudication.

From the record it appeared that Susan Gorgas died March 29, 1892, unmarried and without issue.   By a codicil to her will she directed as follows:

"Item. All the rest, residue and remainder of my estate of every kind and description (after my interest in the homestead property of about eighty acres, situate on Ridge Avenue, Roxborough, has been converted into cash by my executor) I do give, devise and bequeath unto Elizabeth Lehman, Hester Hoffman, Catherine Robinson and George A. Hinkle, to be divided among them in equal shares absolutely.   In all other respects, except as herein set forth, I hereby re-affirm and re-publish my last will and testament and previous codicil."

One of the clauses of her will was as follows:

"I entertain a feeling of love and affection for my niece Susan Gorgas of West Chester, and my sole reason for not making her a legatee under this will, is the fact that she is already in the receipt of a large income derived from her father's and uncle's estates."

Elizabeth Lehman died in the lifetime of Susan Gorgas. The auditing judge, PENROSE, J., awarded one fourth of the residuary fund to each of the three surviving residuary legatees, and one fourth to Susan Gorgas, the younger, as next of kin or heir of testatrix.

Exceptions to the adjudication were dismissed by the court, in the following opinion by FERGUSON, J.:

" It is no doubt settled as to the law of this state that if a legacy, from any cause, lapses, it falls into and becomes a part of the residuary estate, and is to be distributed under the provisions of that clause of the testator's will; but if the lapse is of a devise or bequest contained in the residuary clause itself, then the testator must, with reference thereto, be considered as having died intestate.   To sustain this view of the law, it is only necessary to refer to the recent cases of Vaux's Appeal, 156 Pa. 194, and Gray's Estate, 147 Pa. 67, where this whole subject is fully considered.   In the case now under consideration, the testator gave her residuary estate to four persons, to

be equally divided between them. One of them died in her lifetime, and her share lapsed. There was no provision for survivorship among the residuary legatees or gift over in case of the death of any of them, and therefore, under the law as above stated, there was an intestacy as to this share.

"It happened, however, that the person who is entitled to take under the intestate laws is a niece, as to whom the testatrix said in her will: 'I entertain a feeling of love and affection for my niece, Susan Gorgas, of West Chester, and my sole reason for not making her a legatee under this will is the fact that she is already in receipt of a large income derived from her father's and uncle's estates.'

"It was contended that, as the testatrix, by this clause of her will, manifested an intention to exclude her niece from any participation in her estate, and as she knew this niece would be entitled thereto under the intestate laws, and as it is presumed that a person who makes a will does not intend to die intestate as to any portion of their estate—it follows, that the testatrix meant that the survivors of those named in her residuary clause were to take the share of any of them that died. But the testatrix does not say this in her will, and, in the absence of any declaration upon her part, we cannot so conclude. While it is no doubt the fact that for the reason which she states she did not intend that this niece should share in her estate, yet it is also a fact that by reason of the death of one of the residuary legatees there is an intestacy as to one share of the residue of her estate, and this niece is the person entitled thereto.

"The clause quoted gives the reason why the niece was not named as a legatee, but this does not preclude her from taking any portion of this estate to which she would be entitled under the intestate laws. She certainly has no claim under the will and does not make any, but this is no reason why she should be prohibited from taking what the law gives her.

"In Hancock's Appeal, 112 Pa. 532, we have a much stronger case presented. The testator gave and bequeathed ' to Thomas Hancock, son of my sister Jane Hancock, only one sixth of such portion as the law would give to said Jane Hancock, and the remaining five-sixths to be divided among my other brothers and sisters or their heirs.' He died intestate as to the bulk of his estate, which passed under the residuary clause and which

amounted to nearly $300,000.  In this case there was an apparent attempt in terms to limit Thomas Hancock's interest in this estate to one sixth of what would have been his mother's share in case of intestacy, but notwithstanding this, the Supreme Court held that, as the testator died intestate as to his residuary estate, Thomas was entitled to participate therein with the others interested and take his full share thereof under the intestate laws.

.  " The exceptions are dismissed and adjudication confirmed."

*Errors assigned* were dismissal of exceptions to adjudication and decree, but not quoting them.

*William W. Porter, Frederick J. Geiger* and *George Q. Horwitz,* with him, for appellant, cited : Craighead v. Given, 10 S. & R. 351 ; Gray's Est., 147 Pa. 67 ; Waln's Est., 156 Pa. 194 ; Little's Ap., 81 Pa. 190.

*J. B. Townsend,* for appellee, cited : Hancock's Ap., 112 Pa. 544.

PER CURIAM, Jan. 28, 1895 :

After making sundry bequests, etc., the testatrix gave " all the rest, residue and remainder of " her estate to four persons, by name, " to be divided among them in equal shares absolutely."  She made no provision for survivorship or gift over in case either of the residuary legatees should die in her lifetime.  One of them did pre-decease her, and the court, rightly holding that there was a lapse as to that share, awarded the same to a niece who was entitled to take under the intestate law.  This, as is clearly shown in the opinion of the orphans' court, is in accordance with the well settled law of this state, that, as to a lapsed devise or bequest contained in a residuary clause, the testator must be regarded as having died intestate. There is nothing in the will under consideration to take this case out of the general rule.  For reasons given in the opinion referred to, the decree should not be disturbed.

Decree affirmed and appeal dismissed with costs to be paid by appellant.