## Habecker's Estate (No. 1).

*Wills—Exclusion of heir—Personal estate—Intestacy.*

1. Merely negative words in a will are not sufficient to exclude the title of the heir and next of kin. There must be an actual gift to some other definite object. The rule applies to personal property as well as to real property.

2. Where a testatrix directs that a nephew named shall not participate in the distribution of her estate, and dies intestate as to a part of her personal estate, the nephew named will be entitled to a share of such personal property under the intestate laws notwithstanding the words of exclusion.

Argued Nov. 10, 1909. Appeal, No. 35, Oct. T., 1909, by Jacob H. Bender, from decree of O. C. Lancaster Co., Feb. T., 1908, No. 12, dismissing exceptions to adjudication in Estate of Mary Habecker. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to adjudication. Before SMITH, P. J.

The facts appear by the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Hugh R. Fulton* and *Coyle & Keller*, for appellant.— The rule applied to the lower court relates only to real estate: French v. McIlhenny, 2 Binney, 13; Clayton v. Clayton, 3 Binney, 476; Bender v. Dietrick, 7 W. & S. 284; Gorgas' Est., 166 Pa. 269; McGovran's Est., 190 Pa. 375.

The following cases all rule that a person may be excluded from a class which would take by devolution: Ackroyd v. Smithson, 1 Brown's Chancery Cases, 503; Amphlett v. Parke, 2 Russ. & M. Chancery, 221; Vachell v. Breton, 5 Brown's Parliamentary Cases, 51; Lett v. Randall, 3 Smale & Gifford, 83. Bund v. Green, L. R. 12

Chan. Div. 819, is an English case almost on all fours with this case.

We respectfully submit that both in reason and authority the rule referred to is limited and confined to real estate—that a clear provision excluding a person from participating in one's estate followed by no other residuary bequest is equivalent to a direction that the testator's residuary estate shall be divided among his next of kin under the intestate laws, excluding the persons cut out by the will, which provision has been recognized as valid and enforceable by the Supreme Court of this state: McGovran's Est., 190 Pa. 375; Everitt's Est., 195 Pa. 450.

*J. W. Denlinger* and *C. Eugene Montgomery,* for appellee.—The rule includes personalty: Hitchcock v. Hitchcock, 35 Pa. 393; Hancock's App., 112 Pa. 532; Gorgas' Est., 166 Pa. 269; McGovran's Est., 190 Pa. 375.

In addition to the authorities herein referred to appellee cites the following as bearing on the question that persons may not be excluded from a class that would take by devolution: Dobbins' Est., 17 Pa. Dist. Rep. 218; Cowles v. Cowles, 53 Pa. 175; Rupp v. Eberly, 79 Pa. 141; Bruckman's Est., 195 Pa. 363.

Opinion by Rice, P. J., July 20, 1910:

Mary Habecker died testate, leaving to survive her a sister, Anna E. Habecker, three nephews, Jacob H. Bender, Henry H. Bender, Benjamin H. Bender, and one niece, Eve Ann Bender, as her next of kin. By her will she gave all her estate, real, personal and mixed, to her sister, Anna E. Habecker, for life, and after her death created an active trust as to three tracts of land, which was to continue until the death of all of certain grandnephews and grandnieces. At the conclusion of the clause of her will, relative to the conversion and distribution of the trust estate at the death of the grandnephews and grandnieces, occurred these words: "Benjamin H. Bender, a nephew, and his family, are not to participate in the distri-

bution of my estate for reasons well known to them." In
another part of her will she made two bequests and a devise
of a small tract of land upon the death of Anna Habecker.
And at the conclusion of her will, after bequeathing the horses
owned by her to her sister, she declared, "All other personal
property may be sold by my executors and trustees as may
be found best for the estate." The fund for distribution in the
proceeding out of which this appeal arose was personal estate
remaining after payment of all just debts and legal charges
and legacies, which the testatrix did not dispose of by her will;
and, under the plain provisions of our intestate law, it was
properly distributed to her next of kin, including Benjamin
H. Bender, unless the clause above quoted was effective to
exclude him. It is not contended that if it had been real
estate the words would have been effective for that purpose,
but it is argued that a different rule should apply in the case
of personal estate. This contention is not based on any
provision of the act of 1833, and it is difficult to see upon
what principle it could be held that the words which would
be ineffective to prevent the operation of the statute upon
the real estate as to which the testatrix died intestate would
prevent its operation upon the personal estate as to which
she died intestate. Much reliance is placed by appellant's
counsel upon the language of the opinion in Bender v. Dietrick,
7 W. & S. 284. Indeed, they say the case holds squarely to
the position taken by them and makes a clear distinction
between real and personal estate. In that case the court was
speaking of the contention of the plaintiff in error that the
testator had manifested his intention that his daughters
Susanna and Rosanna should recover out of his real and
personal estate of whatever description, whether bequeathed
or not, no more than $50.00 each, and, therefore, that the
property, whether real or personal, must be divided in the
same manner as if he had died intestate, with the exception
that by force of his declared intention his two daughters by
his first wife were excluded. "And," said ROGERS, J., "if
this was the case of personal property, as appears by the case
cited (Vachell v. Breton, 5 Bro. P. C. 51), there would be

something in the argument. But this is real estate, as to which a different rule prevails. It is a maxim which applies here as well as in England, that an heir-at-law can only be disinherited by express devise or necessary implication; and that implication has been defined to be such a strong probability, that an intention to the contrary cannot be supposed." Inasmuch as personal estate was not involved in the case, this parenthetical remark upon which counsel rely is rather a slender foundation for the supposition that the case would have been decided differently if personal estate had been involved. The later Pennsylvania cases do not recognize the distinction which the learned counsel contend for, but many of them state the rule as applying to personal as well as real estate. A leading case is Hitchcock v. Hitchcock, 35 Pa. 393, where the court, by Woodward, J., said: "A man may, by his will, take his estate out of the intestate statutes, by devising it to others than his heirs-at-law, but if he did not, he cannot repeal or control those statutes. However, clearly the particular intent, that Celinda should enjoy only $2,000 of his estate, may have been expressed, it must give way to the general intent, which existed at the death of the testator, that whatever was not specifically devised should be distributed under the intestate laws. For such is another rule of interpretation found in all the text-writers, that where there is a general intent and a particular one, and these are inconsistent, the particular is to be sacrificed to the general intent. And still another rule applies here,—that merely negative words are not sufficient to exclude the title of the heir or next of kin. There must be an actual gift to some other definite object." It is argued that this statement of the rule is a departure from what had been declared in other cases; but it has been recognized and applied in many later cases, and we do not see how the conclusion can be avoided that it correctly states the true principle, namely, that rights conferred by the intestate laws in personality, no less than in real estate, can only be taken away by a will disposing of the property. Many of the cases have gone to a considerable extent in construing words so as to prevent intestacy. An

illustration will be found in Jacob's Est., 140 Pa. 268. But
where a decedent dies intestate as to any property, the statute
comes into operation. See Hancock's App., 112 Pa. 532;
Gorgas's Est., 166 Pa. 269; Kane's Est., 185 Pa. 544; Bruck-
man's Est., 195 Pa. 363, at p. 367; Will of Louisa Rorer, 7
Phila. 524. "It takes an intelligible will, if not a plain one,
to disinherit, either in whole or in part, those who by law are
entitled to the succession. Every man has an undoubted
right to give his property to whom he pleases; but when the
usual, natural, just, and legal course of distribution is to be
changed, it must be done by words at least tolerably free from
ambiguity." Per BLACK, C. J., in Weber's App., 17 Pa. 474.

Much reliance has been placed by appellant's counsel on
McGovran's Est., 190 Pa. 375. There the testatrix directed
as follows: "The rest and residue of my estate I direct to be
distributed by my executor under the intestate laws of Penn-
sylvania, but in no event is M. or her three children and J.
or her two children to receive any portion of my estate in any
form." This was held to be an immediate gift of the residuary
estate. Judge STEWART, whose opinion was adopted by the
Supreme Court, said: "The gift is to a class, to wit: those upon
whom the law would cast the inheritance in case of intestacy;
the time of distribution determining who are to take and the
quantum of the gift to each, except that neither Mrs. Murdock,
who otherwise would take, and her two children, who other-
wise might take, are expressly excluded from participation.
Since the gift is to a class, no part of it fails by reason of the
subsequent exclusion by codicil of certain others, who but
for the exclusion would have taken." The decision was put
distinctly upon the ground that these words were a disposition
of the residuary estate and, therefore, the testator did not die
intestate as to that property. The distinction between such
a case and the present is apparent, and it was made the
ground of decision in Hancock's App., 112 Pa. 532, as will
appear by the opinion of Mr. Justice GREEN on the motion
for reargument, at pages 542 and 543. The English case of
Bund v. Green, L. R. 12 Chan. Div. 819, cited by counsel,
viewed with reference to its special facts, may not be in entire

accord with our decisions, particularly Hancock's App., but the principle enunciated is not in conflict with that stated in our cases, for the court, upon a consideration of the whole will, found that according to the true construction of the will, the declaration of the testator amounted to a gift in favor of those persons who take by law upon a distribution of personalty under the statute. We are unable to conclude that the clause of the will of this testatrix under consideration had that effect.

The decree is affirmed at the costs of the appellant.