# Bortner's Estate.

*Wills—Construction—Life estate—Bond—Heir at law—Disinheriting heir—Acts of May 17, 1871, P. L. 169, February 24, 1834, P. L. 70, and April 17, 1869, P. L. 70.*

1. An heir can only be disinherited by express devise or necessary implication, and that implication is such a strong probability that an intention to the contrary cannot be supposed.

2. Where a testator gives a portion of his estate to a daughter on condition that the daughter shall "enter into a bond" conditioned that if she shall die without issue her share shall be distributed among testator's children or legal representatives, the daughter's refusal to execute a bond with surety when she offers to execute her individual bond, is no ground for excluding her from her bequest under the will.

Argued March 16, 1910. Appeal, No. 11, March T., 1910, by Mary Myers, from decree of O. C. York Co., dismissing exceptions to auditor's report in Estate of David Bortner. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed. ·

Exceptions to report of Charles H. Hawkins, Esq., auditor.

The facts appear by the opinion of the Superior Court.

The court in an opinion by BITTENGER, P. J., dismissed exceptions to auditor's report.

*Error assigned* was decree of the court.

*Charles G. Glessner,* for appellant, cited: Pratt v. Langston Mercantile Co., 111 Mo. App. 96; Locke v. Locke, 45 N. J. Eq. 97 (16 Atl. Repr. 49); Rupp v. Eberly, 79 Pa. 141; Bender v. Dietrick, 7 W. & S. 284; White's Est., 1 W. N. C. 114; Green's App., 42 Pa. 25.

*E. B. Ziegler,* of *Ziegler & Son,* for appellees, cited: Duval's App., 38 Pa. 112.

OPINION BY RICE, P. J., July 20, 1910:

This is an appeal by Mary Myers, a daughter and legatee under the will of David Bortner, deceased, from the decree of the orphans' court in the distribution of a dower fund charged on land and paid into court pursuant to the provisions of the Act of May 17, 1866, P. L. 1096, as amended by the Act of March 22, 1907, P. L. 29. The principal question in the appeal arises out of the following bequest: "I give and bequeath to my daughter Mary Myers, one-sixth of my entire estate after my just debts, funeral expenses and bequests to my beloved wife are fully paid. This bequest is however made only on condition that the said Mary Myers shall enter a bond with my executors in double the amount of her share, conditioned that if she shall die without issue that the said amount of her bequest shall be equally divided between the remaining of my beloved children or to their legal representatives, that the said Mary Myers shall only be entitled to such a sum for her own use as shall be derived from the investment of the said bequest, and should she fail to comply with the conditions herein mentioned and if she shall not be satisfied with the conditions of this will, I direct that not one penny from my estate shall be paid to her." At the hearing before the auditor the attorney of Mary Myers claimed her share under the will, if the auditor should find that the fund was to be distributed under the will, but, if not distributed under the will, but under the charge in the deed, then as an heir or child of David Bortner, stating that "if distribution is made under the will his client is ready and willing to comply with the terms and conditions of the will, to wit, to give her bond without security, conditioned as set forth in the will, as to the disposition of her share of the estate." The learned auditor, whose report was approved by the orphans' court, held that she was not entitled to participate in the distribution and awarded the fund, less expenses of audit, in five shares to Mary Bortner's living brothers and sisters and to the personal representatives of one Albert H. Bortner, deceased. This conclusion was reached by construing the provision as to her giving a bond to mean that her right to the share bequeathed to her was conditioned

upon her giving bond with surety. It is suggested that the requirements of the Act of May 17, 1871, P. L. 269, of the Act of February 24, 1834, sec. 49, P. L. 70, and the Act of April 17, 1869, P. L. 70, could be enforced irrespective of the provision of the will. Assuming this to be so, it is to be observed that the decree forfeiting her share of her father's estate and distributing it amongst others is not based upon these acts, but is based exclusively upon a construction of the will. The question as thus presented is a very narrow one and does not permit extended discussion. It is said, Can it be assumed that in requiring a bond in the will the testator, who was so insistent as to results, meant less than the law would require? Is it not an equally pertinent suggestion that he did not make the condition more stringent and exacting because of his knowledge of the power of the court, if the special circumstances required it, to enforce the provisions of those acts? The question is not whether she may be required to give such security as those acts contemplate before the money awarded her shall be paid into her hands, but whether she absolutely forfeited her share by her failure to give to the executors a bond with surety. Technically, a bond is a deed or obligatory instrument in writing whereby one doth bind himself to another to pay a sum of money or to do some other act; but in popular language, any instrument in writing that legally binds a party to do a certain thing may be called a bond: 5 Cyc. of Pr. and Prac. 729. No definition of a bond, that has been brought to our notice, makes it essential that it be entered into by any other person than the person who is required to give it. It is only by surmise and vague and uncertain conjecture that the result can be arrived at that the testator used the word "bond" in any other than its ordinary sense. If he had intended that she must give a bond with surety, it would have been very easy, and the natural thing to do, for him to say so in plain terms. As was said in Locke v. Locke, 45 N. J. Eq. 97: "When a testator uses plain everyday English to express his meaning, there cannot be any risk of doing violence to his understanding of it by taking him at his word." It is a maxim, that an heir can only be disinherited by

express devise or necessary implication; and that implication has been defined to be such a strong probability, that an intention to the contrary cannot be supposed: Bender v. Dietrick, 7 W. & S. 284. This principle, which has been recognized in numerous cases, should be kept in view in the construction of the provision in question and furnishes a potent reason for not straining the words beyond their natural and ordinary meaning. We are therefore compelled to dissent from the conclusion reached by the learned auditor and the learned judge of the orphans' court.

The decree is reversed and the record is remitted to the orphans' court for further proceeding in accordance with the foregoing opinion. The costs of the appeal to be paid by the appellees.