# Packer's Estate (No. 2).

*Wills—Codicil—Construction.*

1. Strictly speaking, a codicil is no part of a will; it is rather the final expression of decedent's testamentary intent, of equal dignity and to be construed in connection with the will.

*Wills—Intention—Construction.*

2. It is not the province of a court to consider what a testator possibly intended, but only what intention is expressed by the language used in his will and codicils.

*Wills—Codicil—Exclusion of those named in will—Maxims.*

3. Where a codicil to a will expressly excludes from a distribution some of those named in the will, the maxim expressio unius est exclusio alterius will generally be applied, and it will be held that no others were intended to be excluded.

4. One of the heirs and next-of-kin of a decedent cannot be excluded from participation in a part of his estate, given by general language to a class which includes him, unless excluded by reason of express words in his will and codicils, or by necessary implication from those which are used; and this is so though by a codicil the heir and next of kin is expressly excluded from receiving another part given him by the will.

5. The words "named in my will," in a gift by a codicil, do not necessarily mean referred to by title or proper name; depending on a construction of the entire testamentary disposition, they may mean designated only, and refer to all those entitled to take under the will.

Argued October 4, 1927.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 32, Jan. T., 1928, by William C. Packer, exceptant, from decree of O. C. Northumberland Co., Feb. T., 1919, No. 61, dismissing exceptions to auditor's report, in Estate of James C. Packer, deceased. Reversed.

Exceptions to auditor's report.   Before STROUSS, P. J. The opinion of the Supreme Court states the facts.

Exceptions dismissed. Wm. C. Packer, exceptant, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Clarence M. Clement,* for appellant.—The general doctrine is well settled that a codicil executed with the formalities required by statute for the execution of wills operates as a republication of the will so far as it is not altered by the codicil: Linnard's App., 93 Pa. 313; Neff's App., 48 Pa. 501; Alsop's App., 9 Pa. 374; Lee's Est., 16 Pa. Superior Ct. 627.

A codicil revokes a will only so far as repugnant thereto: Wright's Est., 284 Pa. 334.

*J. Fred Schaffer,* for appellees.—It is contended that in determining who the remaindermen are under this trust the will and codicils must be taken as a whole, constituting one will: Lee's Est., 16 Pa. Superior Ct. 627; Billing's Est., 268 Pa. 67; Joyce's Est., 273 Pa. 404; Sullivan v. Straus, 161 Pa. 145.

OPINION BY MR. JUSTICE SIMPSON, November 28, 1927:

By testator's will, dated January 18, 1906, he gave one-fourth of his residuary estate to his wife, one-fourth to his sister Rachel J. Hill, one-fourth to his sister Nellie C. Slate, and the remaining one-fourth to John B. Packer, William C. Packer, Jr., and Mary Packer Blue (later Mary Packer Thomas), children of his deceased brother, William C. Packer, and added: "these bequests of my estate to extend to their heirs—executors and administrators of all my legatees and devisees."

In a codicil dated April 21, 1913, testator recites the death of his sister Rachel, and gives her share—in order, as he says, "that my last will and testament shall be clear and plain to everyone,"—to her three children, William C. Hill, Mary Martha Hill and Nellie C. Rabe. By a later codicil, dated December 28, 1915, he provides

as follows: "For good and sufficient reasons I now revoke only that portion of my will dated Jany. 18, 1906—devising to William C. Packer, Jr., my nephew, and Mary Packer Blue my niece—their share of my estate bequeathed to them under my will—and I now hereby devise and bequeath only the income of their shares of my estate as follows—The income of the share of William C. Packer, Jr., my nephew—to his daughter —Mary Cameron Packer—for her natural life—at her death this share shall pass to *all* the other beneficiaries except William C. Packer, Jr., named in my will Jany. 18, 1906—The share of Mary Packer Blue in my estate I now devise and bequeath only the income to her for her natural life, at her death this share shall pass to *all* my other beneficiaries except Mary Packer Blue named in my will dated Jany. 18, 1906, this is the only change I desire to make in my will." By a still later codicil, dated November 25, 1917, he says: "I now hereby revoke only that portion of my will dated Jany. 18th, 1906, devising to Mary Martha Hill my niece her share in my estate devised more specifically by codicil to my will dated April 21st, 1913, and I now hereby devise and bequeath only the income of her share in my estate during her natural life. At her death her share shall pass to *all* the other beneficiaries named in my will —this is the only change I desire to make in my will as to this share."

The widow elected to take against the will, and received the portion to which she would have been entitled under the intestate laws; consequently the balance of the estate was distributed as if she had died: Ferguson's Est., 138 Pa. 208; Vance's Est., 141 Pa. 201; Disston's Est., 257 Pa. 537. A part of that balance was set apart, in accordance with the codicil of December 28, 1915, above quoted, in trust for Mary Packer Blue for life, with remainder as therein stated. On her death without leaving any descendants, the substituted trustee filed its account, and William C. Packer, Jr., the

appellant here, claimed that he was entitled to a portion of the assets in this trust, and that the children of testator's sister, Rachel J. Hill, were not entitled to share therein. He bases his contention on the claim that as, by the codicil of 1915, at the "death [of the life tenant] this share shall pass to *all* my other beneficiaries, except Mary Packer Blue, named in my will," to which class he belonged, because named in the will as a beneficiary, he had an interest in the share; and since the children of Rachel J. Hill were not named in the will, but only in the codicil of 1913, they had no interest in it. The court below decided against him on both points, and he now appeals. We are of opinion that both he, and the children of Mrs. Hill, are entitled to share in the distribution.

As against the first of the above contentions of appellant, the court below reasons that since testator, by the previous clause of the same codicil, deprives appellant of his beneficial interest under the will, and as a codicil becomes part of the will,—which, being more accurately stated is that it is the final expression of decedent's testamentary intent, of equal dignity and to be construed in connection with the will,—it cannot be supposed testator intended appellant to share in the remainder under the second clause of the same codicil. If we were permitted to conjecture regarding testator's intention, we might reach the same conclusion, but that course is not open to us. In Joyce's Est., 273 Pa. 404, 407, we said: "It must be steadily borne in mind that it is not the province of the court to consider what the testator possibly intended, but only what intention is expressed in the language used (Hancock's App., 112 Pa. 532; Glenn v. Stewart, 265 Pa. 208, 211; Ludwick's Est., 269 Pa. 365)." Here the "intention is expressed" to give the remainder "to *all* my other beneficiaries except Mary Packer Blue named in my will." Appellant is one of those other beneficiaries, and, hence, in accordance with the maxim expressio unius est exclusio alterius, we hold

that he was not intended to be excluded: Earp's App., 75 Pa. 119; Hollenback Coal Co. v. Lehigh & Wilkes-Barre Coal Co., 219 Pa. 124, 128. If testator had meant to wholly exclude appellant from taking any interest in the estate, he could have said so in a very few words; but he did not say so.

Moreover, appellant is one of testator's next-of-kin, and must be placed on the same plane with all the others, unless excluded by express words or necessary implication. Many of our cases so hold, but it is only necessary to refer to Potter's Est., 257 Pa. 468, 472, because of its similarity to the present one. By testatrix's will there, she gave the residue of her estate to her nephew for life, with remainder to his children, if any, and in default thereof the "estate is to go to and be divided amongst my next-of-kin in accordance with the intestate laws of the State of Pennsylvania, in the same manner as though I had not made any will," but excluding a brother who was named. By a codicil she revoked the life estate to the nephew and the remainder to his children. When she died the nephew's son was one of her next-of-kin. We said: "At the time of such republication, Mrs. Potter undoubtedly knew that appellant was one of her next-of-kin, and had she desired to exclude him could have so stated, or had she then intended to give all of her residuary estate to the two nieces that could have been stated in the codicil. But the mere fact that testatrix revoked the clause making appellant sole legatee, without more, does not preclude him from sharing in the gift to the next-of-kin of which he is one. Construing the will and codicil by the language used, we find nothing to prevent appellant from so sharing. He is excluded neither by express language nor by necessary implication; in fact, as the express exclusion includes the brother only, the implication would be the other way; as it also would because of the fact that the residuary estate is given to the next-of-kin as a class and not to any particular individuals. Because

Mrs. Potter did not desire appellant to have the entire residuary estate does not change his status as next-of-kin or deprive him of the right to share with the others as such: See Hitchcock v. Hitchcock, 35 Pa. 393; Waln's Est., Vaux's App., 156 Pa. 194; Gorgas's Est., Robinson's App., 166 Pa. 269; Fuller's Est., 225 Pa. 626." This reasoning is sound, and the case is controlling. It follows that the court below erred when it excluded appellant from sharing in the distribution.

There was no error, however, in holding that the children of Mrs. Rachel J. Hill should share in it. Appellant's contention upon this point, is that since these children were not *named* in the will, but only in the codicil dated April 21, 1913, they are not within the language of the gift in remainder to "all my other beneficiaries......*named* in my will." This argument is plausible, but not sound. It proceeds upon the theory that to be "named," the proper names of the distributees must be specified. This is not so, as the word "named" is a "word of various meanings": Carpenter v. Carpenter, 12 R. I. 544, 548. It may mean "designated by title," or simply "designated": "and of them He chose twelve, whom also He *named* apostles" (Luke 6, 13) ; "but ye shall be *named* the priests of the Lord" (Isaiah 61, 6) ; "none......*named* thee but to praise," etc. These instances might be multiplied; they suffice, however, to show that this particular word has not the exclusive meaning contended for. Its particular meaning may be otherwise, and we are convinced from a careful reading of the will and all the codicils, including those herein quoted, that testator meant by the words "all my other beneficiaries......named in my will," all the beneficiaries *designated* in his will.

Moreover, if the contention that the children of Mrs. Hill cannot take because not "named" in the will, is sound, then, since Mrs. Hill was there "named," she would be entitled to take. The codicil does not exclude those who may have died after the will was made. If

the earlier codicil of 1913 is to be read into the will as of the date of its making, as the court below says it should be, then section 15 (b), of the Wills Act of June 7, 1917, P. L. 403, 408, possibly might be held to apply (testator having died without leaving lineal descendants), and the gift to Mrs. Hill inure to the benefit of her children.

Whether or not this be so, however, the same conclusion is reached from another standpoint. By the will, as already pointed out, testator directs "these bequests of my estate to extend to their heirs—executors and administrators of all my legatees and devisees." By this testator evidently meant,—especially when the above-quoted preamble to the codicil of 1913 is considered,—that if any of the legatees or devisees died before testator, his or her share of the estate, depending on whether it is realty or personalty, shall go to his or her heirs, executors or administrators. That testator so viewed the matter is further evident from his final codicil of November 25, 1917, where he says "I now hereby *revoke only that portion of my will* dated Jany. 18th, 1906, *devising to Mary Martha Hill* [one of Rachel J. Hill's children] my niece *her share in my estate* devised more specifically by codicil to my will dated April 21st, 1913, and I now hereby devise and bequeath only the income of her share in my estate during her natural life. At her death her share shall pass to all the *other* beneficiaries *named* in my will." As already stated, Mary Martha Hill is not named in the will, unless it is by virtue of the clause extending the bequests to heirs, etc., yet testator, by this last codicil, twice speaks of her as one of the beneficiaries under the will, and hence brings her,—and with her, of course, all the other children of Mrs. Hill, they being in the same situation,—within the terms of the codicil providing for the present trust.

Though not referred to in the assignments of error, one other matter should be considered. Appellees say that Mary Martha Hill cannot participate in this dis-

tribution, because she was excluded by the codicil of November 25, 1917, above quoted. Logically, they could assume no other position, in view of their contention that the codicil of December 28, 1915, excluded William C. Packer. Possibly because his share will be greater if she is excluded, than if she is not, appellant simply says he agrees with appellees. We are not influenced by either of these considerations. The codicil of 1917 is dealing only with the absolute share to which Mary Martha Hill was entitled under the will and the codicil of 1913. It does not purport to deal with that now being distributed; on the contrary it refers to the change being made as relating only to the share of Mary Martha Hill under the will and codicil of 1913. Because of this, and for the reasons already given, we conclude that Mary Martha Hill, who was one of testator's next-of-kin, may be a distributee in remainder in this trust estate; but, as that matter is not squarely before us, and because also all the relevant facts may not have been brought to our attention, we can only give leave to the court below to reopen the adjudication and decree, for the purpose of determining whether or not she is entitled to share in the distribution.

The decree of the court below is reversed, without costs to either party, and the record is remitted with a direction that distribution be made in accordance with the views expressed in this opinion.