# Kissinger's Estate.

*Wills—Probate—Decree of probate unappealed from.*

1. Where a son of a decedent appeals from the probate of a writing as the will of the father, and his appeal is dismissed by the orphans' court, and he goes no further in the contest, he cannot thereafter at the audit of the executor's account allege that the paper was not a will.

*Wills—Intestate laws—Disinheriting heir—Intention of testator.*

2. Where a decedent directs in writing that, at the distribution of his estate by the orphans' court, a stated sum shall be deducted from the share of his son and given to testator's daughter-in-law, the son cannot claim that as every thing he took from his father was under the intestate laws, the father could not deduct part of it, and that the writing was an abortive attempt to disinherit an heir.

3. In such case the testator's intent was that all the estate should be distributed under the intestate laws, except as to the stated amount excepted from his son's share, and that should go elsewhere.

Argued January 24, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 81, Jan. T., 1928, by Clifford W. Kissinger, son and heir, from order of O. C. Berks Co., File No. 10,510, directing $7,500 to be deducted from son's share and paid to Mary M. Kissinger, son's wife, in estate of Abraham N. Kissinger, deceased. Affirmed.

Distribution of decedent's estate. Before SCHAEFFER, P. J.

The opinion of the Supreme Court states the facts.

Decree entered for payment of $7,500 to Mary M. Kissinger, son's wife. Clifford M. Kissinger, son of decedent, appealed.

*Error assigned* was decree, quoting it.

*E. L. DeLong*, with him *C. H. Ruhl*, for appellant.— Heirs can only be disinherited by express words or by necessary implication, and a construction on a will which disinherits an heir is not favored: Potter's Est., 257 Pa. 468; Gorgas's Est., 166 Pa. 269; Hancock's App., 112 Pa. 532.

*Paul D. Edelman*, with him *Samuel E. Bertolet*, for appellees.—A gift or bequest after death, is of the essence of a will, and determines a writing whatever be its form, to be testamentary: Kimmel's Est., 278 Pa. 435; Kisecker's Est., 190 Pa. 476; Sullivan v. Straus, 161 Pa. 145; Habecker's Est., 43 Pa. Superior Ct. 86.

OPINION BY MR. JUSTICE SCHAFFER, March 12, 1928:

Abraham N. Kissinger died leaving the following document which was probated as his will: "Reading, Pa., Nov. 2, 1917. At the distribution of my estate by the Orphans' Court $7,500.00 shall be deducted from the share of my son, Clifford W. Kissinger and the same shall be given to my daughter-in-law, Mary M. Kissinger, provided that Mary M. Kissinger will not remarry before my death and if she will or should be married or be deceased at my death, in that case, the said sum namely $7,500.00 shall go to my grandson, Harold W. Kissinger, upon arriving at the age of 25 years if he should be married and if he is not married Harold shall have the said sum of $7,500.00 upon arriving at the age of 30 years.

"Dated November 2, 1917.

"A. N. KISSINGER. (Seal)"

Clifford W. Kissinger appealed from the probate and his appeal was dismissed by the orphans' court. He did not continue that proceeding further but rested content with the decision that the paper was the valid will of the decedent.

On distribution the court awarded to Mary M. Kissinger the sum of $7,500 as provided in the will and from this adjudication Clifford W. Kissinger appeals, arguing that the writing is not and cannot be operative as a will; that it cannot simultaneously become operative with the intestate laws. It is too late to challenge the document as the will of decedent because the court below has decreed that it is and appellant accepted that determination.

It is further argued by appellant that the decedent does not by this writing dispose of any part of his estate and does not leave any direction as to how it shall be divided; that nothing is given to appellant by the will, that what goes to him passes under the intestate laws and having so vested, the testator's undertaking to divest part of it is unavailing as an abortive attempt to disinherit an heir. His counsel cites to us the rule and its supporting cases that an heir cannot be disinherited except by express words or necessary implication. That rule has no bearing.

It is manifest from the writing that the decedent knew of the intestate laws and their application to his estate and that his son, the appellant, would take a share of it, and that it would be distributed by the orphans' court. Putting ourselves in his place when he came to pen the document before us, we have no difficulty in concluding that he could not know exactly how much in money his son's share would be, but knowing it would be more than $7,500, he intended that that much of his share should go to the appellee before the share vested in appellant. It is the testator's expressed intent for which we search (Torchiana's Est., 292 Pa. 470; Packer's Est. (No. 2), 291 Pa. 198; Reiff

v. Pepo, 290 Pa. 508), and here it cannot be mistaken. In effect he said all my estate is to be distributed under the intestate laws except $7,500 of my son's share thereof and that shall go elsewhere.

As is pointed out by the court below, such cases, cited by appellant, as Susan Gorgas's Est., 166 Pa. 269, Hancock's App., 112 Pa. 532, and others from foreign jurisdictions have no application because in them the testator endeavored by negative words to disinherit some heir without affirmatively disposing of the share which he said the heir should not take. They would apply if decedent had said appellant should have $7,-500 less than his share under the intestate laws and had said nothing about the disposition of the sum attempted to be withheld; here the sum named is given to the daughter-in-law.

The decree is affirmed at appellant's cost.