## COMMISSIONER OF INTERNAL REVENUE v. BRIDGEPORT CITY TRUST CO. et al.

### No. 8.

Circuit Court of Appeals, Second Circuit.

Dec. 15, 1941.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Lee A. Jackson, Sp. Assts. to Atty. Gen., for petitioner, Commissioner of Internal Revenue.

Valentine B. Havens, of New York City, for respondents, Bridgeport Trust Co. and Arthur E. Alling, executors.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. On January 10, 1929, the decedent, Noyes E. Alling, transferred in trust certain securities of a fair market value as of the date of his death on June 19, 1934, of $138,735.12 for purposes named in the trust instrument. The trust was not created in contemplation of death and under the law of Connecticut, where it took effect, did not violate the rule against perpetuities. Its

provisions so far as pertinent to the present case were as follows:

"1. * * * (a) To pay the net income in quarterly installments unto my daughters, Edna Alling Doherty, of Bridgeport, Conn., Madeline Alling Mason, of Bridgeport, Conn., and Ruth Alling Barber, of Wilkes Barre, Penn., or the survivor or survivors of any of them, share and share alike, as long as they or any of them shall live.

"(b) After the death of all of said beneficiaries, said net income shall be distributed unto as many of my grandchildren as shall survive my said daughters, share and share alike, as long as they or the survivor or survivors of any of them shall live.

"(c) When all of said grandchildren shall be deceased, the corpus of said Trust Estate shall be equally divided among such of my lineal descendants as shall survive my said grandchildren, share and share alike, to belong to them and each of them absolutely and forever.

"(d) If there should be no lineal descendants of mine who shall survive my said grandchildren, then I order and direct that the corpus of said Trust Estate be equally distributed between the Bridgeport Hospital and the Boys' Club of Bridgeport, to belong to them and each of them and their successors and assigns absolutely and forever.

"2. I reserve to myself the power at any time to re-allocate the disposition of the income of this said trust fund, such re-allocation, however, to be limited strictly to those named beneficiaries herein; and no such re-allocation shall be made except by notice in writing to be given to the Trustee hereinunder of such re-allocation."

The fair market value, as of the date of decedent's death on June 19, 1934, of the life estates granted to the decedent's three daughters Edna Alling Doherty, Madeline Alling Mason and Ruth Alling Barber, was $88,225. The fair market value as of that date of the life estates of his three daughters and his three grandchildren, Noyes Alling Jaycox, Edna Alling Mason and Paul Alling Barber, was $120,949.28.

The Commissioner determined a deficiency against the estate of the decedent based upon the inclusion in the gross estate for estate tax purposes of the full value or the corpus of the trust. The executors sought a review by the Board of Tax Appeals on the ground that no part of the property transferred should be included. The Commissioner contended before the

Board that the entire value of the corpus should be included but urged, in the alternative, that there should be included the collective fair market value, as of the date of decedent's death, of the interests of the six income beneficiaries (the decedent's three daughters and three grandchildren) and, if not, then there should be included the collective fair market value of the interest of the decedent's three daughters. The Board reviewed both the main and alternative contentions and held that no part of the property transferred in trust should be included in the decedent's gross estate.

The Commissioner appeals from the decision of the Board and now claims error in so far as the Board failed to sustain his first alternative contention for inclusion of the value of the six income beneficiaries' interest in the trust. The fair market value of these six interests was stipulated to be $120,949.28. We are of the opinion that this contention of the Commissioner should prevail.

The Commissioner chiefly relies on Section 302(d) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 228, requiring in respect to the property of a decedent which is to be taxed that: "The value of the gross estate * * * shall be determined by including the value at the time of his death of all property * * * (d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, * * * to alter, amend, or revoke."

The foregoing subdivision (d) was amended by Section 401 of the Revenue Act of 1934, 48 Stat. 680, 752, 26 U.S.C.A. Int. Rev.Acts, page 229, which went into effect May 10, 1934, but the amendment is not material to the present issues. Article 15 of Treasury Regulations 80 (1934 Ed.) provided that: "If a portion only of the property is so transferred as to come within the terms of the statute, only a corresponding proportion of the value of the property should be included in the gross estate."

It seems clear that the foregoing subdivision (d), both taken alone and as interpreted by the words we have quoted from Article 15 of the Regulations (which fairly follow the terms of the statute) required the inclusion of the interests of those beneficiaries of the settlor of the trust which at the time of the decedent's death were "subject * * * to * * * change through the exercise of * * * [the] power * * * to alter, amend, or revoke" reserved in paragraph 2 of the trust instrument. The power thus reserved was "at any time to reallocate the disposition of the income, such allocation, * * * to be limited to those named as beneficiaries * * * *" It is argued that if this power of reallocation be read literally it will only include the value of the income of the three daughters of the settlor, for while the grandchildren under paragraphs (b) of the trust instrument may become beneficiaries they are not mentioned *by name* therein. But we think that the word "named" naturally means "designated", rather than mentioned by name, and so it was construed by the Supreme Court of Pennsylvania in Packer's Estate, 291 Pa. 198, 203, 139 A. 868. The limitation contended for by the executors would have prevented the settlor from shifting the payment of some of the income to the issue of a deceased daughter in case the parent of such issue died pending the continuance of the trust and would have confined him to reallocating it only among his children, if any of them remained living. Likewise the settlor would be unable to allocate any of the income among his grandchildren though some or all of his daughters should prove to be in no need of his bounty either because of marriage to a wealthy husband, inheritance, or for some other reason. Such restrictions in the exercise of the reserved power seem to us improbable.

In declining to tax the interests in the income of the trust because of the power reserved in the trust instrument to reallocate it among the children and the grandchildren of the settlor the Board relied on the decision of the Supreme Court in Helvering v. Helmholz, 296 U.S. 93, 56 S.Ct. 68, 80 L.Ed. 76, but we are of the clear opinion that it involved no such question. Groner, J., in the court below indicates this plainly. In Helvering v. Helmholz, 64 App.D.C. 114, 75 F.2d 245, at page 248, he made the following observation: "The Board held * * * that the life interest in the income of the trust estate passing to respondent should not be included in the gross estate of decedent * * *. The Board's holding was grounded on the fact that the reserved power of appointment was a special and not a general power. We have not considered the question on this

appeal, for it is not raised by any of the assignments of error, nor was it argued or insisted on in brief or oral argument."

In the same way the Supreme Court omitted to deal with the point when the case was before it on appeal, and only considered whether a provision in the trust indenture for the termination of the trust if all the beneficiaries joined in so declaring, was a power "to alter, amend, or revoke," within the meaning of Section 302(d) of the Revenue Act of 1926 that subjected the entire corpus to an estate tax, and held that it was not such a power.

We held the value of the income of a trust subject to estate taxes under Section 302(d) in Guggenheim v. Helvering, 117 F.2d 469, 476. The applicability of 302(d) in the case at bar to the value of the life interests of the three daughters and the grandchildren seems clear and we find no decision to the contrary. See also Adriance v. Higgins, 2 Cir., 113 F.2d 1013, 1015. Inasmuch as Section 302(d) applies there is no need to discuss Section 302(c), 26 U.S.C.A. Int.Rev.Acts, page 227, on which the Commissioner also relies.

The order is reversed and the proceeding remanded with direction to include $120,-949.28 in the taxable estate of the decedent.