Estate of Eckley B. Coxe, deceased. Appeal of Alexander B. Coxe and Henry B. Coxe, Executors of the last will and testament of Eckley B. Coxe, deceased.

|181   369|
|s193  104|
|}3    110|

*Collateral inheritance tax—Decedents' estates—Remainderman—Act of May* 6, 1887.

The word "owner" as used in section 3 of the Act of May 6, 1887, P. L. 79, relating to collateral tax on estates in remainder, refers to the remainderman, and not to the executor. The intent of the statute is to charge the beneficiary of the estate, and whether the phrase used is "person liable," or person who "shall come into actual possession," or "owner" it always means the same person, the remainderman.

Executors cannot be compelled to make present payment of the collateral tax on estates in remainder, for the reason that they are not the parties primarily charged with the payment, either present or future, and are not responsible for the owner's default of return and security which makes the future tax payable immediately.

Argued April 12, 1897. Appeal, No. 6, Jan. T., 1897, by Alexander B. Coxe et al., from decree of O. C. Luzerne Co., No. 193, of 1895, fixing amount of collateral inheritance tax. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Petition of register of wills praying for a citation directed to the executors of Eckley B. Coxe, deceased, to appear and show cause why the collateral inheritance tax should not be paid.

The facts appear by the opinion of DARTE, P. J., which was as follows :

Citation to Alexander B. Coxe and Henry B. Coxe, executors of said estate, to show cause why they should not pay collateral inheritance tax upon the personal property of said estate; based upon the following petition of Stanley W. Davenport, register of wills of Luzerne county ; setting forth :

1. That he is register of wills of Luzerne county, Pennsylvania, and that under the law he is the agent for the commonwealth for the collection of collateral inheritance tax in the county of Luzerne.

2. That Eckley B. Coxe, a citizen and resident of Drifton,

Luzerne county, Pennsylvania, died testate on the 13th day of May, 1895.

3. That the last will· and testament of the said Eckley B. Coxe was admitted to probate before the petitioner, as register of wills of Luzerne county, Pennsylvania, on the 21st day of May, 1895. Said will is duly recorded in the office of the petitioner, in will book P, page 2, and is here referred to and made a part of this petition as if set out herein in full.

4. That on the 23d day of May, 1895, letters testamentary were duly issued to Alexander B. Coxe and Henry B. Coxe, executors named in said will. The said executors on the same day qualified and entered upon the discharge of the trust as executors of the said last will and testament, and have hitherto from said date and are now acting as executors of said estate.

5. That on the 18th day of June, 1895, they filed an inventory and appraisement of the goods and chattels, rights and credits, which were of the said Eckley B. Coxe, deceased, in the office of the register of wills of Luzerne county, Pennsylvania.

6. That from said appraisement it appears that the said goods and chattels, which were of the said Eckley B. Coxe, deceased, were of the value of one million three hundred and eleven thousand, seven hundred and thirty-seven dollars and sixty-one cents ($1,311,737.61) ; that in addition to this .value, as shown by said appraisement there appears to be a large amount of personal property whose value is returned as " Not ascertainable." The value of this so far as the petitioner has yet been able to ascertain, is one million dollars and upwards.

7. That upon all of this said personal property there is due and owing to the commonwealth of Pennsylvania, under the said will and the law, a collateral inheritance tax of five dollars on every hundred dollars of the clear value of the same, which it is the duty of the petitioner, as register of wills, of Luzerne county, to collect, together with interest on the same as provided by law.

8. That a return of the personal estate of said decedent was made to him, the said register of wills of Luzerne county, Pennsylvania, within one year from the death of the said decedent, but to this day security has not been entered into for the payment of the collateral inheritance tax, due the commonwealth

on the value of said personal estate, and, therefore, under the law, the said collateral inheritance tax became due and payable one year from the death of the decedent, to wit: on May 13, 1896, together with interest on the same from said date, at the rate of twelve per centum per annum.

9. That no part of said tax or interest has been paid to the commonwealth, except tax on certain specific legacies under a nuncupative will, and is therefore now due and payable.

10. That your petitioner, as register of wills of Luzerne county, Pennsylvania, has discovered that the said collateral inheritance tax has not been paid over according to law to the commonwealth, from the said estate, and is now due and payable, wherefore he prays, that a citation may be directed to issue out of this honorable court, directed to the said Alexander B. Coxe and Henry B. Coxe, executors of the last will and testament of Eckley B. Coxe, deceased, citing them to appear before the court on Monday, December 7, 1896, at 10 o'clock A. M., to show cause why the said tax should not be paid.

Said citation and order were duly served on said Alexander B. Coxe, on the 21st day of November, 1896, and on December 7, 1896, the following answer was filed by both of said executors.

Alexander B. Coxe and Henry B. Coxe, executors, make answer to the above citation and say that the facts set forth in the first, second, third, fourth and fifth sections of the petition for citation are admitted to be true. Respondents deny the correctness of the facts stated in the sixth and seventh paragraphs thereof. As to the facts stated in the eighth paragraph in the said petition, respondents answer and say, that under the terms of the will of Eckley B. Coxe, deceased, the collateral inheritance tax, due the commonwealth of Pennsylvania, did not become due and payable one year from the date of the death of the decedent, on May 13, 1896, with interest thereon as stated— as they are advised by counsel. Respondents believe the facts set forth in the ninth paragraph of said petition to be correct.

Respondents aver that by the provisions of the will of Eckley B. Coxe, deceased, his entire estate was devised to his executors, in trust, to pay over the entire net income thereof during the whole period of the natural life of his widow, Sophia G. Coxe, and after her death, in trust for all the nephews and nieces of

the said testator per capita; that for greater certainty they here insert the second clause of the said will, which is as follows:

" Second. I give, devise and bequeath all the rest and residue of my estate, real, personal and mixed, of whatsoever kind and description and wheresoever situated, unto my executors, hereinafter named, and the survivors and survivor of them and the heirs and executors of such survivor, in trust, nevertheless for the following uses and purposes:

1. " To pay over to my beloved wife, Sophia G. Coxe, the entire net income thereof, during the whole term of her natural life.

2. " From and immediately after her death to hold the same in trust for all my said nephews and nieces, children of my brothers, Brinton Coxe, deceased, Alexander B. Coxe, Henry B. Coxe and Charles B. Coxe, deceased, who shall have been living at the time of my death and the lawful issue, living at the time of my death, of any nephew or niece who shall then be dead leaving such issue, their heirs, executors and administrators, the said nephews and nieces to take per capita and not per stirpes, and the issue of any deceased nephew or niece to take among them such shares only as their parent would have taken, if he or she had been living at the time of my death, and to take such shares per stirpes and not per capita; and I hereby declare that the nephews and nieces, and issue of deceased nephews and nieces, entitled to take, shall be those only who are living at my death, and that the estate or interest hereby devised and bequeathed to such nephews and nieces and the lawful issue of deceased nephews and nieces, shall vest in them at my death, subject, however, as to the possession and enjoyment of the same to the estate herein devised and bequeathed to my beloved wife, Sophia G. Coxe, and to the provisions and restrictions hereinafter contained and set out.

3. " And subject to this general expression of my will in the premises, I do further will, direct and declare the following uses and trusts of and concerning the estate, real, personal and mixed, which at the death of my wife shall be held in trust, as aforesaid.

" (A). The share of any nephew who shall then have attained the age of twenty-five years, shall vest in possession in him, his heirs, executors and administrators absolutely.

" (B). The share of any nephew who shall not then have attained the said age of twenty five years shall continue to be held in trust until the said nephew shall have attained the said age and shall then vest in possession in him, his heirs, executors and administrators absolutely, and in the meantime the net revenue or income, accruing upon such shares, shall be paid to him, or, in case of a minor, to his guardian.

" (C). The share of any male descendant of a nephew or niece entitled as aforesaid, shall, at the death of my wife, vest in possession in him, his heirs, executors, and administrators absolutely, if he shall then have attained the age of twenty-five years, but, if he shall not have attained the age, the net income of the said share shall be paid to him until he shall have attained the said age, or in case of a minor, to a guardian during his minority.

" (D). The share of my nieces and of the female descendants of a nephew or niece, entitled as aforesaid, shall be held by my said executors, in trust, to pay to the same the net income or revenue thereof, for, and during their respective lives, and from and immediately after the death of each of the said tenants for life, to pay over the share so held in trust for her, to her children, share and share alike, or in the event of her death without leaving children her surviving, then to such person or persons as by her last will and testament she shall appoint, and, in default of such appointment, to her right heirs, under the intestate laws of the State of Pennsylvania."

That the said Sophia G. Coxe, widow of Eckley B. Coxe, deceased, is still living, and the respondents are advised that they cannot be compelled to pay the same out of the income of the said estate due the said widow, and that they would not be justified in law in paying the said collateral inheritance tax, when duly appraised and fixed out of the principal of said estate, for the reason that such payment would diminish the net income of the said estate, due the life-tenant, Sophia G. Coxe.

That the respondents are advised by counsel that under the laws of the state of Pennsylvania regulating the payment of collateral inheritance tax and the provisions of the last will and testament of Eckley B. Coxe, deceased, they are not bound to pay the collateral inheritance tax even after the same has been duly ascertained according to law. That the same is not pay-

able until after the death of the life-tenant, Sophia G. Coxe, widow of Eckley B. Coxe, deceased.

Decedent died testate at Drifton, Luzerne county, Pennsylvania, May 13, 1895. Alexander B. Coxe and Henry B. Coxe are executors of his will. He left a widow, Sophia G. Coxe, but no children nor their descendants. By his will, after giving his wife the personal property in and about his home, except his professional library, he gave to his executors, the successor of them and their heirs, all his estate in trust; (1) to pay over to his wife the entire net income thereof during the whole term of her natural life; (2) from and immediately after her death to "hold the same in trust for all my nephews and nieces, children of my brothers, Brinton Coxe, dec'd, Alexander B. Coxe, Henry B. Coxe and Charles B. Coxe, deceased," etc. Thus, after the death of the widow the entire estate is given collateral heirs. And as will be seen, by reference to the will, the remaindermen cannot be identified until after the death of the widow.

June 18, 1895, inventory and appraisement of personal estate filed by said executors, amounting to $1,311,737.61. Also itemizing a large amount of property, of which the value is said to be "not ascertainable."

It appears that an appraiser has been appointed in said estate to fix the value thereof, for the purpose of assessing the collateral inheritance tax, but that he has made no return, except as to the value of certain legacies, given under a nuncupative will probated November 22, 1895. Said legacies amounted to $28,000 appraised at $22,000, upon which the legatees took the benefit of the act of assembly, May 6, 1887, P. L. 79, and paid the tax May 26, 1896. After the expiration of the life estate the residuum, less debts and expenses of settlement, is subject to the collateral inheritance tax. The question is, when is the tax on this personal estate assessable and payable?

Section three, act of assembly, May 6, 1887, reads : "In all cases where there has been or shall be a devise, descent or bequest to collateral relatives or strangers liable to the collateral inheritance tax, to take effect in possession or come into actual enjoyment after the expiration of one or more life estates, or a period of years, the tax on such estate shall not be payable, nor interest begin to run thereon, until the person or persons liable

for the same shall come into actual possession of such estate, by the termination of the estate for life or years, and the tax shall be assessed upon the value of the estate at the time the right of possession accrues to the owner, as aforesaid." But the privilege of postponing payment is given upon the following terms : "And the owner of any personal estate shall make a full return of the same to the register of wills of the proper county, within one year from the death of the decedent, and within that time enter into security for the payment of the tax to the satisfaction of the register, and in case of failure so to do the tax shall be immediately payable and collectible."

The usual inventory and appraisement has been filed, but no return has been made of the personal property, for the purpose of assessing the collateral inheritance tax, except as to aforesaid legacies, and no security has been entered by the owners. As above stated it is impossible to identify the remaindermen.

The act of 1887, after stating what estates are liable to the collateral inheritance tax says, "And all owners of such estates, and all executors and administrators and their sureties, shall only be discharged from liability for the amount of such tax or duties, the settlement of which they may be charged with, by having paid the same over for the use aforesaid, as hereinafter directed."

[We sustain the citation and hold and find, that Alexander B. Coxe and Henry B. Coxe, executors and trustees of said estate, are the owners, for that purpose referred to in the said act of 1887, whose duty it is to make a full return of any personal estate liable to collateral inheritance tax to the register of wills, within one year, and enter security for the payment of the tax. And, that in default thereof, the said tax has become, and now is immediately due and payable upon all personal property of said estate, after legal deductions for expenses, life estate, etc., with interest thereon, at the rate of twelve per centum per annum, from the 13th day of May, 1896.] [2].

*Errors assigned* were (1) in sustaining citation ; (2) decree of the court, quoting it.

*A. H. McClintock* and *S. P. Wolverton*, for appellants.—The " owner " is the remainderman within the meaning of the act :

Dos Passos on Inheritance Tax Law, 266 ; Wharton's Est., 10 W. N. C. 106 ; Swann's Est., 12 Pa. 135 ; Crompton's Est., 10 Pa. 443 ; Curtis's Est., 142 N. Y. 219 ; Roosevelt's Est., 143 N. Y. 120 ; Hoffman's Est., 143 N. Y. 327 ; Nieman's Est., 131 Pa. 346.

The tax is not payable until the remainderman comes into possession : 1 Schouler's Personal Property, 151 ; 6 Am. & Eng. Ency. of Law, 898.

*Lemuel Amerman*, with him *L. A. Watres*, for appellee.—The act of 1887 and all prior acts from 1826 placed the tax upon the estate and not upon the share of the legatee : Howell's Est., 147 Pa. 164 ; Seibert's App., 6 Atl. Rep. 105 ; Wright's App., 38 Pa. 507.

When the tax is not paid within the time limited by law, the penalty is properly chargeable to the administrators or executors : Palmer's Est., 2 Del. Co. Rep. 180 ; Dos Passos on Inheritance Tax Law, 374.

OPINION BY MR. JUSTICE MITCHELL, May 24, 1897 :

The testator left his whole estate, less some unimportant legacies, in trust for his widow for life, with remainder to his nephews and nieces living at his death, and the issue of nephews and nieces then deceased. The life estate to the widow is exempt from the collateral inheritance tax but the entire estate in remainder is liable, and the question presented is whether the tax is now demandable from the executors. By sec. 3 of the Act of May 6, 1887, P. L. 79, the tax on estates in remainder is not payable " until the person or persons liable for the same shall come into actual possession of such estate, by the termination of the estates for life or years," provided that " the owner shall have the right to pay the tax at any time prior to his coming into possession," and provided further " that the tax on real estate shall remain a lien on the real estate on which the same is chargeable until paid. And the owner of any personal estate shall make a full return of the same to the register of wills of the proper county, within one year from the death of the decedent, and within that time enter into security for the payment of the tax to the satisfaction of such register, and in case of failure so to do, the tax shall be immediately payable and collecti-

ble." It is under this last clause that the commonwealth claims that the tax in the present case is now collectible and the learned court below has held that the executors are the owners liable for its payment. This construction however cannot be sustained without doing violence to the letter as well as the plain intent of the statute. The tax is not payable until "the person liable for the same " shall come into actual possession. This cannot possibly mean anyone but the remainderman, for he is the only one to come into actual possession by the termination of the precedent estate for life or years. And in the proviso which adds that the " owner shall have the right to pay the tax at any time prior to his coming into actual possession," the " owner" must for the same reason be the remainderman, for he is " the person liable for the same," and the only one who is to come into possession. And when in the second proviso " the owner of any personal estate " is directed to make a full return of the same and enter security for the payment of the tax, and in case of failure to do so the tax is to become immediately payable, the " owner" meant is the same person as in the preceding clauses, the person liable to pay, and the person who is to come hereafter into actual possession, i. e. the remainderman. The intent of the statute is to charge the beneficiary of the estate, and whether the phrase used is " person liable " or person who " shall come into actual possession " or " owner " it always means the same person, the remainderman. It is to him alone that the commonwealth must look for present payment of tax on property, whether real or personal, the actual possession or enjoyment of which is postponed by an intervening period of life or years. Under the act executors and administrators are charged with the duty of deducting the tax before payment of legacies or distributive shares or the delivery of specific articles bequeathed, and therefore under some circumstances they may be considered as persons liable to pay the tax, but they are not in any sense "owners " within the language of section three. They cannot be compelled to make present payment of the tax on estates in remainder, for the very obvious reasons that they are not the parties primarily charged with the payment, either present or future, they are not responsible for the owner's default of return and security which makes the future tax payable immediately, and in the present case they

cannot pay it now without taking it out of the widow's estate which is not liable to the tax at all.

It is said that the remaindermen under the testator's will are not now ascertainable.  On this we express no opinion.  The commonwealth disputes this position, but the parties charged by it as remaindermen are not before us.  All we need to say now is that if the remaindermen are not yet ascertainable, that is no reason why the tax should be collected from the life tenant who is exempt.  The only effect of such condition would be that the tax would not be presently collectible at all, and the commonwealth would have to depend on its lien on the real estate, and its claim on the executors when they make distribution.

Decree reversed and petition dismissed with costs.