## Anderson's Estate.

Argued April 20, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*A. J. Schroder, 2d,* with him *Frank Bechtel, Jr.,* and *Albert T. Hanby,* for appellant.

*George B. Clothier,* of *Edmonds, Obermayer & Rebmann,* with him *Patton & Jacoby* and *Edward W. Madeira,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, June 30, 1933:

In his will, after providing for certain specific legacies, testator created a trust of the residue of his estate and directed that the net income therefrom, and so much of the principal as the trustee might deem needful, be paid to his widow for life, with remainders over at her death to persons named. In the second clause he provided: "I will that all my just debts, funeral expenses and taxes of any kind, including Federal and State Inheritance, Transfer or Succession Taxes with which my wife's interest under this my will may [be] chargeable, shall be paid promptly by my executor and charged out of my principal residuary estate as soon as it conveniently may be done after my decease."

We are asked to decide whether the transfer taxes on all of the legacies are to be paid out of the residue or borne by the individual legatees and devisees? The auditing judge and the orphans' court in banc decided that the language used exempts all legacies from transfer inheritance tax and does not indicate an intention on testator's part to restrict the tax exemption solely to his widow's interest.

Appellant admits that if the direction to pay "taxes of any kind" stood by itself, the residuary estate would be properly subjected to the payment of all the inheritance taxes, but argues that the inclusion of the words "taxes of any kind" in a classification, the other items of which ("my just debts" and "funeral expenses") are charges against him or his estate, throws a different meaning upon the words; that they should be construed "my taxes of any kind"; that what was meant

was "taxes of any kind against my estate." It is then pointed out that the inheritance taxes levied under the Act of June 20, 1919, P. L. 521, 72 P. S. 2301, and its amendments, are not assessed against the estate of a testator, but against the legatees and devisees, since what is taxed is the right of succession or the privilege of receiving the property possessed by decedent: Shugars v. Chamberlain, 284 Pa. 200. Attention is called to our decision in Brown's Est., 208 Pa. 161, that, in order to exempt the legacies from the tax and impose it upon the estate, the provisions of the will must specifically so direct, or the intention of the testator must be plainly inferable from the terms of the will.

To give the construction contended for by appellant would require the interpolation of additional words in the expression used, such as "taxes of any kind due by me." This is not required. The language is reasonably clear. We have before us not a case of loose, equivocal or general expressions as in Horter's Est., 1 Pearson 424. Appellant assumes that the testator was interested in accomplishing two objects by the second clause of his will: first, to direct the payment of charges, debts and taxes payable by himself; and, second, to direct payment of transfer inheritance taxes chargeable against his wife's interest. We think it more reasonable to conclude from his language (Weidman's App., 2 Walker 359; Glenn v. Stewart, 265 Pa. 208; Ludwick's Est., 269 Pa. 365; Packer's Est. (No. 2), 291 Pa. 198) that he desired all taxes of every kind to be paid out of his residuary estate, and, in order that there might be no uncertainty about those due on the share given to his wife, who was the first object of his bounty, he inserted the clause "including Federal and State Inheritance, Transfer or Succession Taxes with which my wife's interest under this my will may [be] chargeable," and thus placed special emphasis on the exemption of his wife's life estate.

Our conclusion, in agreement with the court below, is that the testator intended that all transfer inheritance taxes on all legacies should be paid out of his residuary estate.

Decree affirmed at appellant's cost.