## Widener Estate

*Aaron S. Swartz, Jr.*, and *H. Ober Hess*, for accountants.

FORREST, J., January 27, 1951.—The second account of George D. Widener and Schofield Andrews, surviving trustees, was examined and audited by the court on September 11, 1950.

Joseph E. Widener died on October 26, 1943, leaving a last will and testament dated October 29, 1942, and probated on November 12, 1943, . . .

Two questions were submitted for adjudication:

1. Should certain death taxes and interest thereon to the extent attributable to an inter vivos trust created by decedent on April 20, 1938, be prorated against the trust under the Act of July 2, 1937, P. L. 2762, or does paragraph 6 of decedent's will require that they be paid from his estate?

2. With respect to interest accrued on certain death taxes which were paid after the due date (which will include the interest attributable to the 1938 trust if not prorated against the trust), should the interest be charged: (a) Wholly to income, or (b) wholly to principal, or (c) to income to the extent of the rate earned by the estate and the balance, if any to principal?

Following the filing of the Federal estate tax return the accountants were apprised of items not included in the return which were expected to increase the total liability for Federal tax and, concurrently for certain State taxes imposed to use the 80 percent credit allowable against the Federal tax. Many of these items were of a very controversial nature and negotiations with the representatives of the Commissioner of Internal Revenue proceeded over an extended period of time. One of the points in controversy was whether the trust created by decedent on April 20, 1938, was to be included in his gross estate for Federal tax purposes. Eventually, on May 3, 1950, all controversy ended in compromise, one of the terms of which was that 15 percent of the corpus of the 1938 trust be in-

cluded in gross estate for tax purposes. The 1938 trust instrument contained no provision whatever respecting any death taxes which might become payable because of it. The taxes paid and the interest thereon which was paid are set forth in a rider attached to paragraph 8 of the petition for adjudication. The taxes so paid total $3,458,793.33, and the interest paid thereon totals $180,730.02. The taxes were paid to the United States and to the States of Pennsylvania, Kentucky and Florida; and all of the interest except $1,642.09, which was paid to the State of Florida, was paid to the United States.

The accountants have prepared and submitted, as part of the petition for adjudication, a suggested formulæ and calculation of both the taxes and the interest, to be used in the event that it shall be decided that proration should be directed. Both the formulæ and the calculation are correct, and no objection has been raised to either.

The Proration Act of July 2, 1937, P. L. 2762, supra, provides as follows:

"(a) Whenever it appears upon any accounting or in any appropriate action or proceeding that an executor, administrator, temporary administrator, trustee, or other person acting in a fiduciary capacity, has paid an estate tax, levied or assessed under the provisions of the act, . . . providing for the imposition and collection of certain taxes upon the transfer of property passing from a decedent who was a resident of this Commonwealth at the time of his death, . . . or under any law hereafter enacted, or under the provisions of any estate tax law of the United States heretofore or hereafter enacted upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, except in a case where a testator otherwise directs in his will, shall be equitably

prorated among the persons interested in the estate to whom such property is or may be transferred, or to whom any benefit accrues. Such proration shall be made by the orphans' court in the proportion as near as may be that the value of the property, interest or benefit of each such person bears to the total value of the property, interests, and benefits received by all such persons interested in the estate, . . .

"The tax shall be paid by the executor, administrator, or other fiduciary as such out of the estate before its distribution. In all cases in which any property required to be included in the gross estate does not come into the possession of the executor, administrator or other fiduciary as such, he shall recover from whomever is in possession, or from the persons interested in the estate, the proportionate amount of such tax payable by the persons interested in the estate with which such persons are chargeable under the provisions of this section, and the orphans' court may, by order, direct the payment of such amount of tax by such persons to the executor, administrator or other fiduciary, . . .

"(b) The orphans' court, upon making a determination as provided in subdivision (a) of this section, shall make a decree or order directing the executor, administrator or other fiduciary to charge the prorated amounts against the persons against whom the tax has been so prorated, in so far as he is in possession of property or interests of such persons against whom such charge may be made, and summarily directing all other persons against whom the tax has been so prorated, or who are in possession of property or interests of such persons, to make payment of such prorated amounts to such executor, administrator or other fiduciary."

Paragraph 6 of testator's will provided:

"I direct that all estate, transfer, inheritance and like taxes shall be paid out of the principal of my residuary estate, and I authorize my executors, in their dis-

cretion, either to pay during administration or to postpone the payment of so much of such taxes as may be levied against future estates or interests."

It should not be the policy of courts, in interpreting wills, to require that testators use language so exact as to be capable of but one construction, but rather, if language is used which if reasonably construed would indicate an intention to accomplish a particular result, every doubt should be resolved in the direction which will give the will its maximum effect.

In ascertaining the intent of testator effect must be given to all of the words he has employed, but of equal importance is absence from the will of restrictive language. It is noteworthy in this regard, I think, not only that there is absent from the tax paragraph the word "Federal" between the words "all" and "estate" in the the first line (although it would hardly be advanced by anyone that testator did not intend to exempt his pecuniary legatees from contribution for Federal estate tax) but that he has omitted from the paragraph familiar terms, such as "that may be imposed upon my estate", or "upon the estate passing under my will", and instead, there has been used the comprehensive "all" estate taxes to be borne by his residuary estate.

It is the duty of the court to ascertain the intent of testator as shown by his will, taken as a whole, in the light of the circumstances existing at the time of its execution. This has particular significance when it is considered that testator executed his will at least two years after the question of the taxability and inclusion in testator's gross estate for Federal estate tax purposes, of inter vivos trusts, was settled in Helvering v. Hallock, 309 U. S. 106, 60 S. Ct. 444, 84 L. Ed. 604, 125 A. L. R. 1368 (1940), and the further fact that he lived a few days more than a year after the execution of his will. He was a man of great wealth and his will

appears to have been drawn with great care. Had he meant to exclude from the benefits of the tax-free paragraph of his will some of the property which he must have been advised would become taxable as part of his testamentary estate for Federal estate tax purposes, is it not reasonable to assume that his will would have made more specific provision for such exclusion, had he wished to distinguish between his testamentary and inter vivos beneficiaries? I am firmly of the opinion that testator has shown a sufficiently clear intention that there shall be no proration of the tax and that the Proration Act does not apply.

As to the second question submitted, which concerns penalty interest on deficiency assessments of the Federal estate tax, I am of the opinion that inasmuch as the sixth item of the will constitutes a direction against apportionment, and that such penalty interest has been held to be part of the tax (Mellon Estate, 347 Pa. 520, 523 (1943)), it also is to be borne entirely by the principal of the testamentary estate. . . .

And now, January 27, 1951, this adjudication is confirmed nisi.