## Dravo Estate

*William F. Knox, Davis C. Burroughs, Jr., Moorhead & Knox, William J. Kenney, Roy T. Clark, Rose, Rose & Huston,* for trustees and trust beneficiaries.

*Kenneth Buffington* and *Richard B. Tucker, Jr.,* for executors.

BOYLE, P. J., June 12, 1956.—The question presented in the audit of the first and partial account of the executors of the above named decedent is whether the remaindermen of two inter vivos trusts created by this decedent in her lifetime are relieved of their liability for the payment of Pennsylvania transfer inheritance tax upon their distributive shares by the tax clause in decedent's will providing:

"SEVENTH: I direct my Executors to pay all Federal and State taxes, estate, transfer, succession, and any other taxes due on account of my death against any property which may be included as a part of my estate for tax purposes which shall be subject to the provisions of the law of the State of Pennsylvania relating to the payment and apportionment of such taxes; provided, however, that the devises and bequests made by the first six paragraphs immediately preceding shall be free and clear of all such taxes and shall be transferred and paid without deduction or liability for contribution."

On January 17, 1931, decedent conveyed certain assets in trust, the income to be paid to her husband, Francis R. Dravo, for life. The husband died on February 26, 1934, and in accordance with the provi-

sions of the deed of trust the corpus thereof was divided into three trusts designated "A", "B" and "C". Trust "C" was distributed upon the death of the husband. Trusts "A" and "B" continued, the income being paid to Fanny M. Dravo, this decedent, until her death on December 11, 1953. Thereafter the trustees filed their separate "Seventh and Final" accounts for trusts "A" and "B". At the audit of the said accounts the Commonwealth of Pennsylvania submitted its claims for transfer inheritance tax in the sum of $21,430.41 against trust "A" and $21,169.51 against trust "B". On April 1, 1955, the executors of the estate of Fanny M. Dravo filed their first and partial account. In the audit of their account a decree was entered consolidating the records of the audits of the trustees' accounts of the trusts "A" and "B" aforesaid with the present audit of the executors' account for the purpose of determining whether the ultimate liability for payment of the transfer inheritance tax on the trust remainders is upon the trust estates or upon the testamentary estate.

The tax clause of the will (paragraph "SEVENTH", supra) follows six other paragraphs which provide pecuniary legacies for five servants, the devise of a house to a servant, the forgiveness of an indebtedness and a bequest of personal effects. These are the provisions which are relieved from all taxes under the language of the last clause of "SEVENTH" providing:

". . . provided, however, that the devises and bequests made by the first six paragraphs immediately preceding shall be free and clear of all such taxes and shall be transferred and paid without deduction or liability for contribution."

The assets of the trust vested in possession and enjoyment upon the death of settlor and are therefore subject to Pennsylvania transfer inheritance tax: Todd Trust, 358 Pa. 530, 533, 534; Transfer Inheri-

tance Tax Act of June 20, 1919, P. L. 521, art. I, sec. 1, as amended, 72 PS §2301. The tax is levied against successions and in the usual case is ultimately the responsibility of the recipient: Spangenberg Estate, 359 Pa. 353, 355. Where the assets are in the hands of a trustee or personal representative the fiduciary is responsible for the collection of the tax out of the beneficiary's share before its transfer to him: Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, sec. 16, as amended, 72 PS §2352. See also Elliott Estate, 113 Pa. Superior Ct. 350, 355. The fiduciary who never receives assets is not responsible for the transfer tax thereon (in the absence of a direction in the will) and the beneficiary is responsible for the tax in the first instance: Cochrane's Estate, 342 Pa. 108, 112; Elliott Estate, supra, 354. The burden of the tax may be shifted from the beneficiary to the estate by a clear direction to that effect; in case of doubt, the burden should be left with the transferee: Uber's Estate, 330 Pa. 417, 420 (1936); Marvin's Estate, 26 D. & C. 527, 529 (1936).

In the case at bar the question to be resolved is whether the language of the will in paragraph "SEVENTH" shifts the normal incidence of the transfer inheritance tax from the remainder of the two trusts to the residue of the testamentary estate.

A will should be read in the ordinary and grammatical sense of the words employed: Horn Estate, 351 Pa. 131, 135. Analysis of paragraph "SEVENTH" reveals that if testatrix had provided, "I direct my executors to pay all federal and state taxes, estate, transfer, succession, and any other taxes due on account of my death against any property which may be included as a part of my estate for tax purposes . . .", with no other language added, a shifting of the tax burden would have resulted as the remaindermen of the trusts contend. But testatrix added restrictive

language as follows: ". . . which (modifying the word 'taxes') shall be subject to the provisions of the law of the State of Pennsylvania relating to the payment and apportionment of such taxes; . . .". This latter language expresses the intention of testatrix that, although the executors may pay it, the ultimate burden of the transfer inheritance tax and the Federal estate tax is to rest where "the law of the State of Pennsylvania" places it, viz., in the case of transfer inheritance tax, upon the transferee under the provisions of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, and in the case of the Federal estate tax, upon "persons interested in property includible in the gross estate" under the provisions of the Estate Tax Apportionment Act of August 24, 1951, P. L. 1405. This conclusion follows logically from the last clause of paragraph "SEVENTH" which is ". . . provided, however, that the devises and bequests made by the first six paragraphs immediately preceding shall be free and clear of all such taxes and shall be transferred and paid without deduction or liability for contribution". This clause demonstrates that testatrix knew how to shift the normal incidence of the transfer inheritance tax and how to relieve distributive shares from apportionment of Federal estate tax. This last clause or "proviso" in paragraph "SEVENTH" would not have been added by testatrix if it had been her intention to shift the normal incidence of the transfer inheritance tax by the language of paragraph "SEVENTH" preceding the proviso.

The auditing judge holds that the transfer inheritance tax assessed by the Commonwealth of Pennsylvania against the remaindermen of trusts "A" and "B" shall be paid by the trustees out of the trust property going to said beneficiaries and not out of the residue of the testamentary estate.

Decrees will be entered in accordance with this opinion.

### Opinion sur Exceptions

BOYLE, P. J., January 10, 1957.—The language of paragraph "Seventh" of testatrix's will restricts the taxes which are to be paid out of the testamentary estate as follows: ". . . which (the taxes) shall be' subject to the provisions of the law of the State of Pennsylvania relating to the payment and apportionment of such taxes; . . .". Whether this language be regarded as directory or descriptive the effect is the same and supports the conclusion of the auditing judge. For this reason and those set forth in the opinion filed by the auditing judge, the exceptions filed to the decree entered June 12, 1956, will be dismissed.

BOYLE, P. J., January 30, 1957.—And now, January 30, 1957, it appearing to the court that this court on petition of the parties entered orders on December 13, 1955, whereby all of the above proceedings were consolidated "for the purpose of argument and adjudication of the question of the ultimate imposition of the burden of Pennsylvania Inheritance Tax attributable to Parts 'A' and 'B' of said Trust as between the said Trust and the said Estate"; and it further appearing that this court on June 12, 1956, entered its opinion adjudicating that the ultimate burden of said Pennsylvania inheritance tax should fall upon Trusts "A" and "B" under the Inter-Vivos Trust Agreement of Fanny M. Dravo dated January 17, 1931, and should not fall upon the Estate of Fanny M. Dravo, deceased, and it appearing that after argument before the court en banc supplemental opinion was entered on January 10, 1957, which supplemental opinion did not affect the findings of ultimate liability,

Now, therefore, it is ordered, adjudged and decreed that the ultimate burden of Pennsylvania transfer inheritance tax imposed upon parts "A" and "B" of

the Fanny M. Dravo Trust of January 17, 1931, be imposed and fall upon the said trusts and not be imposed upon the Estate of Fanny M. Dravo, deceased, under the terms of the last will and testament of Fanny M. Dravo, deceased.

And it is further ordered, adjudged and decreed that order of court heretofore entered on January 10, 1957, at no. 1146A of 1942 be and the same is hereby vacated.

And it is further ordered, adjudged and decreed that the exceptions heretofore filed at the above numbers and terms be and the same are hereby dismissed.

Eo die exception allowed and bill sealed.