## Lander Estate.

Argued September 30, 1964.

*Conrad Pearson,* with him *Knox, Weber, Pearson & McLaughlin,* for appellants.

*Frederick F. Jones,* with him *Gifford, Graham, MacDonald & Illig,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 16, 1965:

The question involved is narrow but important. Under the language of testatrix's will, were Pennsylvania Inheritance taxes and Federal Estate taxes on her jointly-owned property, payable out of her residuary estate or by the surviving co-tenant of the jointly-owned property? The lower Court held that none of these taxes were payable out of the residuary estate.

Katherine G. Lander died on August 8, 1960, leaving a will dated February 14, 1956. Testatrix provided: "First. I direct that *all* * my just debts, funeral expenses, Federal Estate taxes and Pennsylvania Inheritance taxes be *fully* paid and satisfied by my Executors, as soon as conveniently may be, after my decease."

Testatrix left personal property which was exclusively her own, amounting to approximately $50,000. She was also a joint tenant of certain personal property, which consisted almost entirely of shares of mutual funds, with a value of over $85,000, registered in the names of herself and (1) a son, and (2) a grandson, and (3) a granddaughter, and (4) a daughter-in-law, "as joint tenants with right of survivorship."

The Pennsylvania Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended, 72 P.S. §2301

---

* Italics throughout, ours.

et seq. (which is the pertinent statute), imposes a transfer inheritance tax upon the transfer by will or by the intestate laws of any property or of any interest therein from any person dying seized or possessed thereof, with certain exceptions not herein pertinent. It is usually denominated a legacy or succession tax on the privilege of receiving the property owned by a decedent: *Pickering Estate,* 410 Pa. 638, 190 A. 2d 132; *Hoffmann Estate,* 399 Pa. 96, 160 A. 2d 237; *Wright Estate,* 391 Pa. 405, 138 A. 2d 102; *Shugars v. Chamberlain Amusements Enterprises, Inc.,* 284 Pa. 200, 130 Atl. 426; see also, *Cochrane's Estate,* 342 Pa. 108, 20 A. 2d 305. The tax is therefore payable by the recipient of the property unless the testatrix otherwise provides, expressly or by clear or necessary implication.* *Dravo Estate,* 388 Pa. 551, 131 A. 2d 351; *Spangenberg Estate,* 359 Pa. 353, 59 A. 2d 103; *Horn Estate,* 351 Pa. 131, 40 A. 2d 471; *Anderson's Estate,* 312 Pa. 180, 167 Atl. 329.

We must therefore determine testatrix's intent, which is the polestar in the construction of this will and in the solution of the questions here involved. *Houston Estate,* 414 Pa. 579, 201 A. 2d 592; *Burleigh Estate,* 405 Pa. 373, 175 A. 2d 838; *Dinkey Estate,* 403 Pa. 179, 168 A. 2d 337.

The language of Mrs. Lander's will is a clear and express direction to her executor to pay *all* Federal Estate taxes and *all* Pennsylvania Inheritance taxes *in full*—and this direction clearly includes the Pennsylvania Inheritance taxes on her jointly-owned (ex-

---

* Under the Act of June 15, 1961, P. L. 373, §718; Act of July 26, 1963, P. L. 325, §2, 72 PS §2485-718, it is provided, with certain exceptions not here pertinent, that the inheritance tax upon the transfer of property which passes by will and certain other transfers, is payable out of the residuary estate, in the absence of a contrary intent appearing in the will (or in other instruments of transfer).

tra-testamentary) property. To decide otherwise would be (a) to ignore the clear language of her will, or (b) to torture the language of her will into stating that the Pennsylvania Inheritance tax on jointly owned property—which never passed under or by virtue of her will and never was a part of her estate under the intestate laws—must be paid, not by her executors but by the surviving joint tenant. Cf. *Cochrane's Estate,* 342 Pa. supra; *Horn Estate,* 351 Pa. supra; *Anderson's Estate,* 312 Pa. supra; *Spangenberg Estate,* 359 Pa. supra.

Analogous cases confirm our construction.

We start with the general rule reiterated in *Cochrane's Estate,* 342 Pa. supra, that, absent any testamentary direction to the contrary, a personal representative is liable for the payment of the Pennsylvania Inheritance tax *only upon such assets as pass through his hands.* In that case, Chief Justice SCHAFFER, speaking for a unanimous Court, said (page 112):

". . . Who shall pay the tax depends upon who receives the property . . . . The only tax which is chargeable against the personal representative is that on the assets passing through its hands, which it is required to deduct from each distributive share. *For the tax on the other assets of the estate, which do not pass through its hands, the Commonwealth must look to the individuals receiving the property."*

See also to the same effect, *Kritz Estate,* 387 Pa. 223, 227, 127 A. 2d 720; Hunter's Pennsylvania Orphans' Court Commonplace Book, "Inheritance Tax," Section 10(c); Grossman & Smith's Pennsylvania Inheritance and Estate Tax, Section 741-1, p. 419.

While precedents are usually of little value in the construction of a will, because the language in every will is almost always slightly or substantially different—*Henry Estate,* 413 Pa. 478, 198 A. 2d 585; *Burleigh Estate,* 405 Pa. supra; *Newlin Estate,* 367 Pa.

527, 80 A. 2d 819—the will in *Horn Estate,* 351 Pa. supra, is so very similar to Mrs. Lander's will that it confirms our interpretation and indeed is a controlling precedent. In *Horn Estate,* the Court said (pages 135, 136):

". . . [Mr. Horn's will provided] '1. I direct the payment of my just debts, the expense of probating my estate, and *all* inheritance and State taxes, as well as real estate, personal property taxes thereon, and all administration expenses, and all taxes of any character, to be paid out of my estate *before* the payment of the legacies and bequests and diveses [sic] hereinafter made.' Appellant contends that the word 'before' means 'prior in time', and hence the clause merely directs the executors to pay taxes before distribution as they are already required to do under the present law (Act of 1919, P. L. 521, amended by Act of 1923, P. L. 1078, 72 PS 2352; Act of 1937, P. L. 2762, 20 PS 844). Under appellant's view the effect is the same as though the paragraph had been omitted entirely from the will. Such interpretation is forced and unnatural. A will should be read in the ordinary and grammatical sense of the words employed: Bender v. Bender, 226 Pa. 607, 613, 75 A. 859; Long v. Stout, 305 Pa. 310, 316, 157 A. 607. A construction of a will which renders every word operative is to be preferred to one which makes some words and sentences idle and nugatory: Byrne's Estate, 320 Pa. 513, 519, 181 A. 500; Calder's Estate, 343 Pa. 30, 21 A. 2d 907 . . . the obvious meaning is that . . . 'the testatrix intended and directed that all transfer inheritance taxes and estate taxes upon all legacies and bequests should be paid out of the residuary estate by her executors.' "

Pennsylvania Inheritance taxes and Federal Estate taxes are basically very different.

In *Pickering Estate,* 410 Pa., supra, the Court said (pages 646, 647): ". . . In Shugars v. Chamberlain

Amusements Enterprises, Inc., 284 Pa. 200, supra, the Court said (page 205): 'When the Commonwealth adopted an enlarged policy of taxation in 1917, a new class of property or rights was subjected to governmental burdens. Though commonly called a direct inheritance tax, yet, under the Act of 1919, the thing taxed was the right of succession [to] or the privilege of receiving at death the property possessed by a decedent either by will or under the intestate laws.'

"See to the same effect: Wright Estate, 391 Pa. 405, 138 A. 2d 102; Coxe's Estate, 181 Pa. 369, 37 A. 517; Van Beil's Estate, 257 Pa. 155, 101 A. 316; Knight's Estate, 261 Pa. 537, 104 A. 765.

"On the other hand, it is well settled that the Federal Estate tax is not a legacy tax or a succession tax on the privilege of receiving the property possessed by a decedent; instead it is a tax on the privilege of transmission of decedent's property (i.e., the statutory net estate of the decedent), which is payable out of the estate as a whole: Riggs v. Del Drago, 317 U.S. 95; Helvering v. St. Louis Trust Co., 296 U.S. 39; Chase National Bank v. United States, 278 U.S. 327; Commissioner v. Clise, 122 F. 2d 998; Wright Estate, 391 Pa., supra.

". . . '. . . It is "death duties," as distinguished from a legacy or succession tax. It does not tax the interest to which the legatees and devisees succeed on death, but the interest which ceased by reason of death; what is imposed is an excise upon the transfer of an estate upon death of the owner. [citing U.S. cases] . . .' "

With respect to Federal Estate taxes, the Internal Revenue Code of 1954, §2002, requires that all taxes which are imposed upon a decedent's statutory net estate shall be paid by the executor. There is no provision in that Act for apportionment. However, Pennsylvania's Estate Tax Apportionment Act of August

24, 1951, P. L. 1405, 20 P.S. §881 et seq., as amended, provides for an equitable apportionment of Federal Estate taxes, unless the testator expressly or by clear or necessary implication otherwise directs. *Hoffmann Estate,* 399 Pa., supra; *Stadifeld Estate,* 359 Pa. 147, 58 A. 2d 478.

When testatrix provided that *"all* my Federal Estate taxes and Pennsylvania Inheritance taxes be *fully* paid by my Executors," it is clear that she did not provide or intend one meaning and one plan for payment of Pennsylvania Inheritance taxes and a *different* meaning, plan and intent with respect to payment of Federal Estate taxes. When, as we have seen, she *clearly intended her executors* and not the survivor of her jointly-owned (extra-testamentary) property to pay the Pennsylvania Inheritance taxes thereon *in full,* it is unreasonable and under her language impossible to find that she intended the survivor of said jointly-owned property to pay the Federal Estate taxes thereon.

Order reversed, and case remanded for disposition in accordance with this Opinion; costs to be paid by appellee.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

This is an appeal from an order of the Orphans' Court of Erie County dismissing exceptions to an executor's account and suggested distribution.

The contest revolves around the import of the following clause of Katherine Lander's will: "First. I direct that all my just debts, funeral expenses, Federal Estate taxes and Pennsylvania Inheritance taxes be fully paid and satisfied by my Executors, as soon as conveniently may be, after my decease."

Decedent's estate, as it is composed for state inheritance and federal estate tax purposes, includes not only her probate assets, which are entirely disposed of

by a residuary clause in the will, but also certain jointly held property with the right of survivorship. See Act of 1929, May 16, P. L. 1795, §1, amending Act of 1919, June 20, P. L. 521, §1, 72 P.S. §2301(e) and "Internal Revenue Code of 1954", §2040. The ultimate question raised is whether the recipients of the taxable assets bear the burden of the "death" taxes pro rata or whether the entire burden is upon decedent's probate estate. The executor contends for the former result; while exceptants, who are survivors to the jointly owned, nonprobate property, contend for the latter. The lower court found that the tax burden should be borne pro rata. I agree.

The Pennsylvania inheritance tax law applicable to Katherine Lander's estate,[1] Act of 1919, June 20, P. L. 521, §1 et seq., as amended, 72 P.S. §2301 et seq., is a tax on the right of succession or the privilege of receiving the property of the decedent. As such, it is the ultimate responsibility of the recipients, rather than the estate, to pay this tax; and it is to be borne by them pro rata according to their share of the taxable estate. *Dravo Estate,* 388 Pa. 551, 131 A. 2d 351 (1957) (per curiam affirmance of the opinion in 8 Pa. D. & C. 2d 88), *Spangenberg Estate,* 359 Pa. 353, 59 A. 2d 103 (1948), *Anderson's Estate,* 312 Pa. 180, 167 Atl. 329 (1933). The decedent may allocate the burdens differently, but there must be a "clear direction to that effect," *Dravo Estate,* supra, or "the provisions of the will must specifically so direct, or the intention of the testator must be plainly inferable from the terms of the will." *Anderson's Estate,* supra. In cases of doubt the burden must be left where the law places it. *Dravo Estate,* supra.

---

[1] Because decedent died before January 1, 1962, the amended 1919 statute rather than the new Inheritance and Estate Tax Act of 1961 is applicable to her estate. Act of 1961, June 15, P. L. 373, §103, 72 P.S. §2485-103.

The federal estate tax is imposed on the transfer of the federally defined taxable estate and, unlike the state inheritance tax, is assessed against the estate as a whole. Liability for payment is placed upon the executor, but where the ultimate burden rests is a matter of state law. Internal Revenue Code of 1954, §§2001, 2002. Pennsylvania's Estate Tax Apportionment Act of 1951 provides that the ultimate burden of the federal estate tax is borne by "the persons interested in property includible in gross estate in proportion that the value of the interests of each such person bears to the value of the net estate," Act of August 24, 1951, P. L. 1405, §4(a), 20 P.S. §884(a), although the testator may direct that the burden shall be placed in a different manner, Id. §3(a), 20 P.S. §883(a). We have held that this statute creates a presumption that federal estate taxes are to be pro rated in accordance with its provisions "unless the testator in his will has clearly indicated an intent inconsistent with such presumption" by "a specific provision, clearly expressed" in "language . . . not . . . of doubtful import": *Hoffmann Estate,* 399 Pa. 96, 160 A. 2d 237 (1960).

Therefore, it is clear that our statutory and case law directs that the ultimate burden of state inheritance and federal estate taxes is pro rated among the recipients of the taxable estate unless certain strict tests, set forth above, for inferring a contrary intent on the part of the decedent have been met. Exceptants contend that the provision of decedent's will, quoted above, meets the tests for shifting the tax burden. I cannot agree.

First, in the cases where it has been held that the decedent's language was sufficiently clear to shift the tax burden, *at the very least* there were specific words to indicate that decedent had a particular fund in mind when dealing with taxes and, therefore, it was

inferable that this fund was to bear the tax burden. *Audenried Estate,* 376 Pa. 31, 101 A. 2d 721 (1954); *Spangenberg Estate,* supra, *Roth Estate,* 8 Pa. D. & C. 2d 70 (1956), *Widener Estate,* 81 Pa. D. & C. 106 (1951), *York Estate,* 75 Pa. D. & C. 164 (1950), *Robertson Estate,* 9 Chest. 105 (1959). In some of these cases the intent was even clearer because decedent not only specified the fund but used such words as "deduct from" or "charge against" or specified that certain recipients were not to bear any tax burden. The provision in question, however, merely directs the executors to pay the taxes.

Exceptants contend that it was not necessary that testatrix designate the fund to be burdened because executors can make payments only out of assets passing through their hands, assets which, in this case, are entirely comprised by the residuary estate. With respect to federal estate taxes this contention has no force. Federal law requires the executor to pay the entire federal estate tax,[2] including amounts attributable to assets not passing through his hands, e.g., jointly owned property. But our state law directs that the takers of these nonprobate assets must reimburse the executor for these federal taxes in an amount proportionate to their share of the taxable estate.[3] A mere direction to the executors that they *pay* the federal estate tax, therefore, does not "clearly indicat[e] an intent inconsistent with [the] presumption" that the *ultimate burden* of the taxes be pro rated. It simply directs him to do what the law requires. Where the question is whether probate assets should carry the entire tax burden rather than all the taxable assets pro rata, the statutory presumption must be followed

---

[2] IRC §2002.

[3] Estate Tax Apportionment Act of 1951, P. L. 1405, §5(a), 20 P.S. §885(a).

in the absence of some specific words to indicate that decedent had in mind one fund rather than another when directing payment.

I am not concerned that my construction might render the words used as mere surplusage in that they merely direct the executors to do what the law requires them to do. Surplusage is not uncommon in wills. No one has or would contend that the words in the very provision in question directing executors to pay "just debts" are anything but surplusage. Further, while we ordinarily attempt to give some significant meaning to all the words of the will it must be remembered that the inference we are required to draw in this case is one that is *inconsistent* with the statutory presumption of pro rated federal tax burdens.

With respect to state inheritance taxes, there is more force in the contention that a mere direction to pay all such taxes, without specifying the fund to be ultimately burdened, is sufficient to negate the pro rata presumption where all the taxable assets are comprised by a residuary clause of a will and nonprobate assets, e.g., jointly held property. Unlike federal taxes, the executor need only pay the state inheritance taxes on assets passing through his hands. Therefore, goes the argument, the words used direct him to do more than the law requires him to do. Such a direction standing by itself might be sufficient to imply an intent that the recipients of the nonprobate assets be relieved of their tax burden. But where such a direction would have to be extracted from a very loosely drawn clause which is obviously surplusage in part and is insufficient to shift the federal tax burden, it would be improper to find that the testator intended to draw such nice distinctions. Such an intent is not "plainly inferable". *Anderson's Estate,* supra. At

least, there is doubt; so the burden must be left where the law places it. *Dravo Estate,* supra.

Second, I note that the provision in question directs that the specified payments be made "as soon as conveniently may be after my decease." This clause modifies the verb "paid" and makes it probable that the entire provision is merely precatory, expressing the testatrix's intent that penalties for late payments be avoided or that advantage be taken of the discount allowed for prompt payment of her state inheritance tax. Act of 1919, June 20, P .L. 521, §38, 72 P.S. §2442.

Finally, it is quite clear that this is not the type of "tax clause" usually inserted by draftsmen to allocate tax burdens in a manner different than that directed by law. Cf. Casner, Estate Planning, Vol. II, p. 1290 (3rd ed. 1961) (sample will), 7 Page on Wills (Bowe-Parker rev.) §§62.3-62.5 (form). Of course, this factor alone is not conclusive. While our standards require a very clear indication of intent to shift tax burdens, they can be met with something less than the precision of the most expert draftsmen. Nevertheless, it supports my conclusion.

The basis of the majority's error is its failure to recognize that the starting point for deciding who bears the burden of the taxes in question *is not the words of the testatrix's will.* The starting point is our statutory and case law which commands that the taxes be pro rated. Then we turn to the will of testatrix to determine if it clearly and without doubt expresses a contrary intent. In other words, "polestars" shed no light on the resolution of the instant problem.

For these reasons, I dissent.

Mr. Justice EAGEN joins in this opinion.